M’Girk, C. J.,
delivered the opinion of the Court.
Crocker brought an action of replevin against Mann for taking a negro. The declaration states, that on a certain day the plaintiff was possessed of the slave in the county of Marion, and that afterwards, on that day, in the county of Marion, (on the public highway leading from Palmyra to Hannibal, about five miles from Palmyra,) the defendant Mann, took the said slave and unjustly detains the same. The defendant pleaded non cepit, and property in himself, &c.
*332 The evidence on the part of the plaintiff was, that he purchased the slave at a Constable’s sale, on execution, and judgment of some person against Mann ; that the property was levied on as Mann’s property, and that the plaintiff was the purchaser, &c. To the admission of this evidence, the defendant objected, but the Court let the testimony go. The plaintiff proved the delivery of the property to him by the Constable; he then proved that afterwards, Mann was found in possession of the property, in the county of Marion; and that the Sheriff took it from him by the writ of replevin. No proof was given as to the manner of Mann’s getting possession ; no proof was given to show that Mann’s possession commenced on the highway leading from Palmyra to Hannibal, &c. On this state of the testimony, the defendant asked the Court to instruct the jury, that if they believe from the evidence the defendant did not unlawfully take the slave from the plaintiff, at the place in the declaration mentioned and described, they must find for the defendant; which instruction the Court gave; then a verdict and judgment were given for the defendant. The giving this instruction is assigned for error.
The question made by U. Wright and Hunt, the counsel for Mann, is, that the action of replevin is local, and that the plaintiff having failed to prove the taking at the place, that is, on the highway leading- from Hannibal, &c., cannot recover.
J. Anderson, counsel for the plaintiff, insists that the action is transitory.
We will examine this question ; there can be no soft of doubt that the action of replevin is local in England. Many books and authorities will prove this. It has often been decided also in N. Y. that it is so. In England, the action was almost ex-ciusively confined to cases of wrongful distress, for rent or damage feasant. The instances of its application to other cases were so rare, that Sir Wm. Blackstone laid it down as the law in the third volume of his justly celebrated commentaries, that it would not lie in other cases.
Farther research has shown, however, that Blackstone was mistaken in this; and that the action might be maintained in all cases where trespass would lie. When cattle broke into a man’s close, the owner of the close might seize and keep the cattle till satisfaction was made. When this remedy for breaking fences is allowed, it must often happen that the owner would either take too much distress, or misuse it afterwards ; refuse to deliver the distress when satisfaction is offered, or think enough had not been offered. In such case the owner brought replevin. The defendant must show he had a close, and where it was, and that the beasts broke in, &e. In this way, the identical field and lot where the cattle were taken, became material,. When the owner of lands and tenements leased the same to tenants who did not pay the rent, the law gave the landlord a right to go to the land, and into the houses, and take as much property as would be sufficient to pay the rent in arrear, and ho might sell the distress if the rent were not paid. If in, these cases no rent were due, the distress excessive, or if the property of a stranger happen to be found on the land, and was distrained, the action of replevin would lie; or if the landlord took the property of the tenant at any other place than on the leased premises, the action would lie. In this way, there was a necessity that at least in all the cases arising out of distress for rent, the action should be local; because if the distress were made at any other place than on the premises where and for which rent was due, it would be void, hence the necessity of laying in the declaration, the place with certainty; but in all those cases where the object of the replevin was to try the mere right to property, without any reference to place, there could be no more reason why the exact plaqe. *333 should he any more material than it could be where a trespass was committed in actions of trespass; nor more material than it would be where any other injury might he committed; but as the action of replevin was mainly used in cases of distress, where the place was material, it is not too much to say, that the action itself became settled in the English law to be local.
In Missouri, there is no such thing heard of as distress of beasts for breaking fences, and indeed this right does not exist. Because, by the 2d section of the act of the General Assembly to regulate inclosures, a remedy is expressly given by suit before a Justice of the Peace, R. C. 438. This remedy existed at the time the common law was introduced, which expressly excludes all those portions of the common law contrary to the statute law, R. C. 491. Distress for fence breaking and the remedy given by statute, are perhaps inconsistent; at any rate, the statute remedy supercedes the other with regard to the right of distress for rent, it never has been used in this country; it is a common law right; but from the circumstance that since the American government overspread this country until the present day, it never has been used, at least we never heard of a case, except one, we think that remedy may fairly be supposed to be obsolete. We have a statute giving an action of debt for rent, on leases for life. The 2d section of that act gives an action of assumpsit in all cases where the agreement for rent is not by deed, R. C. 488; now in all cases the agreement is by deed or not. This remedy is, perhaps, all the remedy the country required, and was deemed so by the Legislature in 1825, when the act was passed. That this was thought sufficient, is somewhat deducible from the fact, that before that time, distress had not been resorted to; this, then, could not be accumulation. The statute which introduces the common law, excludes all such portions as are repugnant to, or inconsistent with the statutes of the State for the time being. Now, perhaps, it may be literally true, that this act respecting rent is not repugnant to or inconsistent with the common law; yet the fact that the Legislature have taken up the subject, and covered the whole ground, is in our opinion a good reason why the common law should be considered superseded; and the bare fact, that the remedy of distress for rent has never been used, is perhaps a good reason why it should be considered obsolete. From this it follows, that there is no necessity for the action of replevin to be local; when the reason of a law ceases, the law also ceases ; this is a good rule of common law, which applies in this case. Furthermore, we can see no reason why an action of replevin, with us, should be local as used in this State. It being a useful action, it should not be subject to that incumbrance, until a case arises in which the reason exists; then the local quality for the purposes of justice should he attached. Another reason why we think the action is not local is, that the Legislature manifested a strong intention it should not be so. By the act to regulate replevin, JR. C. 659, they say “ that in all cases, where any goods or chattels shall be taken from the possession of any person lawfully possessed thereof without his or her consent, it shall be lawful for such person to bring an action of replevin therefor against any person in whose hands the same may be found.” This statute was intended to put the action of replevin on a useful footing,
A11 that is necessary to be done to comply with this statute is, to show the plaintiff possessed the property actually, or had the right to immediate possession, and that the same was found in the hands of another, that other must account for such possession. If this be what the statute requires, why should the locality of the old *334 common law,, useful in England in some cases, be thrown around a remedy so. useful as replevin ? Rut it is said that if this action is not local,yet the plaintiff has made it so by alledging the taking to be at a particular place, he must prove it; to avoid this conclusion, the counsel for the plaintiff relies on the rule of law which says, surplusage may be stricken out; we think this rule can justly apply in this case. The plaintiff first says, the defendant took the property from him in the county of Marion, (on the highway leading from Palmyra to Hannibal, about five miles from Palmyra). If we strike out all within the brackets, then there is no objection to the declaration. It will then read that the taking was in the county of Marion.
The rule as to striking out is, that if when the objectionable part is stricken out, there is not enough left, then it cannot be stricken out. In this case, that laid within the brackets is entirely surplusage;-and when stricken out, leaves a good declaration. We are of opinion the Circuit Court erred in giving the instruction it did give,.
But it is said that the law is, that although the Court erred in giving, the judgment' it did give, yet if upon an inspection of the whole record, the Court can see that the plaintiff could not lawfully recover, the Court will let the. judgment stand. This is the law and practice of this Court, with, this modification.
That if we see the plaintiff cannot amend the defects now apparent against him, the judgment must stand; but if he can on a future trial, consistently with law, make his case better, we will reverse the judgment and let h'im make the experiment.
In this case we see no. reason why he cannot make his case better; he may, consistently with the nature of the thing, if the fact will justify it, and that we cannot now determine;. he may amend all tlie defects alledged against him, even the objection made to the return of the Constable in the original summons, may, by leave of the Justice, be amended so as to correspond with the truth. The only objection to this is, that the return does not show whether the copy which was left at the defendant’s house, was left with a member of his family or not; the truth is one way or the other. Upon this point one of the Judges is not very clear. The judgment fe reversed, remanded, &c.