WARRING vs. CRIPPS.

*Distress of cattle* damage feasant: *Rule of damages — How far appraisement conclusive.*

1. If cattle, which have been doing damage on land, escape therefrom while being pursued, they cannot be distrained for such damage.
2. An appraisement of damages done by cattle distrained while *damage feasant,* must not include damages done at some *previous* time.
3. Proof of such unauthorized appraisement is admissible to invalidate a sale of the cattle to pay the damages, in a suit between the purchaser and the original owner to determine the right of possession.

APPEAL from the Circuit Court for *Trempealeau* County.

The plaintiff appealed from a judgment in favor of the defendant. The case is stated in the opinion.

*G. Y. Freeman* and *Wing & Gage,* for appellant:

The proceeding under which the defendant justifies the taking and detention of the colt in question is purely statutory, and he must show a strict compliance with the law, or the proceedings will be void. 13 Johns. 414; 5 Wend. 506; 19 id. 498; 4 Denio, 319; Cowen's Treatise, 704. 2. The court erred in charging the jury " that the certificate of the appraisers was conclusive; that the jury could not go back of such certificate to inquire as to how the appraisers arrived at the amount of damages; and that if several cattle were doing damage, any one of them could be distrained for the damage done by the others at that and other times." Cowen's Treatise, 703, 699;

1 Wait's Law and Practice, 789, 790; 9 Rep. 22, *a*; Coke Litt. 161, *a*; *Clement v. Milner*, 3 Esp. 95; *Lindon v. Hooper*, Cowp. 417.

*Utter & Cowdery*, for respondent. [No argument on file.]

COLE, J. This action was brought to recover possession of a colt. The defendant justifies the taking and detention of the colt on the ground that he distrained it doing damage upon his premises, under chapter 51, R. S. and chapter 470, Laws of 1864. The answer sets out the proceedings taken under the statutes, the appointment of appraisers to appraise the damages, the amount ascertained by the appraisers, and the sale of the colt to pay the damages certified by the appraisers. On the trial, the plaintiff offered to prove by one of the appraisers, that in ascertaining the damages the appraisers took into account damages done by stock other than the three colts mentioned in the appraisement papers, and which were done one and two years previous to the distraining of the colt in suit, the property in the meantime having, for a great length of time, gone out of the possession and from the premises of the defendant. This evidence was objected to, and excluded by the court. We suppose the evidence was admissible.

"Distraining cattle doing damage," says Lord MANSFIELD, in *Lindon v. Hooper*, 1 Cowp., 414, " is a summary execution in the first instance. The distrainer must take care to be formally right; he must seize them in the act upon the spot. For if they escape, or are driven out of the land, though after view, he cannot distrain them." See, likewise, *Clement v. Milner et al.*, 3 Esp. 94; 9 Coke, 22, *a*, and Cowen's Treat. § 699, *et seq.* It appears from these authorities, that if a person elects to distrain cattle for doing damage, he must take them while upon his land; for if once off from it, although they escape while he is in pursuit of them, he cannot distrain them. The animals must be distrained while doing the damage, and only for the

injury they are doing. And if they have done damage, and gone off, and returned, and are again doing damage, they can only be distrained for the damage done the second time. It follows from these principles, that the appraisers, in ascertaining the damages, would have no right to take into consideration damages done by other stock than those distrained, which was done at other and different times. No such damages could be appraised by them in this proceeding; and if a party distrains and sells for such damages, the distress would clearly be unauthorized.

The circuit judge seems to have supposed that the certificate of the appraisers was final and conclusive upon the subject, and that it was not competent to go back of the certificate, to inquire as to how the appraisers arrived at the damages assessed. This idea was doubtless derived from the language employed in the last clause of section 3, chapter 51. The whole section is as follows: "The said freeholders shall ascertain and certify under their hands the amount of such damage, with their fees for their services, not exceeding one dollar per day; and if any disagreement shall arise touching the sufficiency of any fences around the premises where such damage was done, the said appraisers may examine witnesses in relation thereto, and for that purpose may administer oaths to such witnesses, and they shall determine such disagreement, which decision shall be conclusive."

It is very clear that this provision was only intended to make the decision of the appraisers conclusive as to the sufficiency of any fence, when a dispute should arise upon that point. It might very well happen, that, although the distrained animals had done an injury, the fences of the party injured were so defective that the appraisers would not award or certify any damages therefor. But we do not understand that the statute makes their certificate conclusive upon the question of damages, so that it could not be shown that they proceeded

upon a wrong principle in ascertaining the extent of the injury, or took into consideration damages which they had no right to assess. The evidence offered was therefore improperly ruled out.

These remarks are likwise sufficient to dispose of the exception taken to the charge of the court, and to its refusal to give the instruction asked on the part of the plaintiff.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial awarded.