GOODRICH, Appellant, vs. CRABTREE, Respondent.

*February 1—February 22, 1910*

*Distress of animals doing damage: Notice: Replevin: Demand.*

If a person distraining animals damage feasant knows their owner but fails to give him the notice prescribed in sec. 1631, Stats. (1898), within the time there specified, his seizure and detention of the animals becomes wrongful and no demand is necessary to enable the owner to maintain replevin.

APPEAL from a judgment of the circuit court for Sauk county: J. C. LUDWIG, Judge.     *Reversed.*

For the appellant there was a brief signed by *J. A. Stone* and *G. Stevens,* and oral argument by *Mr. Stone.*     Among references cited by them were *Pettit v. May,* 34 Wis. 666; *Eldred v. Oconto Co.* 33 Wis. 133.

For the respondent there was a brief by *Chas. H. Stone,* attorney, and *Grotophorst, Evans & Thomas,* of counsel, and oral argument by *Mr. Stone.*     They cited, among other cases, *Coburn v. Harvey,* 18 Wis. 156; *Chippewa Falls v. Hopkins,* 109 Wis. 611, 85 N. W. 553; *Cooper v. Ins. Co. of Pa.* 96

Wis. 362, 71 N. W. 606; *Stahl v. C., St. P., M. & O. R. Co.* 94 Wis. 315, 68 N. W. 954; *Byrne v. Byrne,* 89 Wis. 659, 62 N. W. 413.

TIMLIN, J.   Four pigs belonging to the plaintiff came upon the premises of defendant, who impounded three of them.   The parties lived in the same town, and within twenty-four hours met and negotiated for the release of the pigs, the defendant demanding $5 damages as a condition of release, the plaintiff offering $1.   After the lapse of twenty-four hours, no notice of application for appraisers having been given, without further demand, and while the defendant was still withholding the three pigs, the plaintiff brought replevin for four pigs.   The officer seized the three distrained. The fourth was not withheld by the defendant.   The defendant attempted to justify by answer in writing claiming the animals were taken up as strays and nowhere averred that they were taken damage feasant nor that they did any damage.   The cause was apparently tried with reference to the right of the defendant to hold the animals under the statute relating to animals taken damage feasant.   For want of a demand after the expiration of the twenty-four hours from the seizure, the court below dismissed the complaint and gave judgment for the defendant for six cents damages and costs.

The judgment ought to be affirmed if possible.   But we do not see how this can be done without violating settled rules of law, the disregard of which operated to the prejudice of the appellant.   To justify seizure and impounding the beasts they must be on premises in the possession of the seizor and doing damage, *i. e.* damage feasant.   This was the common law.   The statute somewhat extends the right to pursue the animals, but they must be doing damage.   The damages need not be large, but there must be at least nominal damages claimed.   The evidence entirely falls short of a justification

under the estray statute and the pleadings fall short of a justification under the damage feasant statute. On the other hand, assuming that the latter statutes control because the case was tried in the court below as one arising under such statutes, we have to meet the settled law that the person seizing the animals must within the time required by statute give the notice in writing there prescribed or his seizure and detention of the animals becomes wrongful. *Taylor v. Welbey,* 36 Wis. 42; *Pettit v. May,* 34 Wis. 666; 2 Am. & Eng. Ency. of Law (2d ed.) 358; 2 Jacob, Law Dict. 186; *Warring v. Cripps,* 23 Wis. 460. The common-law rule invoked by the court below, that the distrainor has a reasonable time in which to notify the owner of the beasts, is superseded by the statute which requires notice in writing within twenty-four or forty-eight hours, as the case may be. Michigan cases cited by respondent are not in point, for there the statute gives the owner of the animals the right to have the damages assessed, while here the distrainor only appears to have that right. Sec. 1631 *et seq.* Stats. (1898). No demand after the statutory time for giving notice had expired was necessary.

*By the Court.*—Judgment reversed, and the cause remanded for further proceedings according to law.