### UNITED STATES v. MINCHEW.
### No. 380.

District Court, S. D. Florida, Jacksonville Division.

May 23, 1935.

John W. Holland, Dist. Atty., and William A. Paisley, Asst. Dist. Atty., both of Jacksonville, Fla., for United States.

Neill S. Jackson, of De Land, Fla., for defendant.

STRUM, District Judge.

The information charges that the defendant, in the game refuge heretofore established in Ocala National Forest (16 USCA §§ 692, 692a), violated Regulation T-8-C promulgated by the Secretary of Agriculture, which purports to prohibit "permitting dogs to run at large, or having in possession dogs not on leash or confined" on lands of the United States within a National Forest. Defendant demurs to the information.

█ Undoubtedly, Congress may constitutionally delegate to the Secretary of Agriculture authority to promulgate regulations of the character involved in this information, for the purpose of administering or effectuating the expressly declared will of Congress as evidenced by its statutory enactments, and by its own enactment Congress may make a violation of such regulations criminally punishable. United States v. Grimaud, 220 U. S. 506, 31 S. Ct. 480, 55 L. Ed. 563; 12 C. J. 845, 847 et seq. See, also, cases cited

in Panama Refining Co. v. Ryan, 293 U. S. 388, 55 S. Ct. 241, 79 L. Ed. ——.

█ Due process requires, however, that authority to promulgate regulations, for the violation of which a person may be deprived of his liberty, should be found in explicit statutory language clearly evidencing the will of Congress to delegate such authority to an administrative officer. Such authority cannot be derived by inference from ambiguous or equivocal provisions of a statute.

█ There is nothing in the controlling statute, 16 USCA §§ 692, 692a, which clearly indicates a congressional intent to delegate such authority to the Secretary of Agriculture with respect to the game refuge in the Ocala National Forest, such, for example, as is found in 16 USCA 693a, concerning Ouachita National Forest, or 16 USCA 694b, concerning certain other National Forests, each of which contains a provision in effect that "the Secretary of Agriculture shall execute the provisions of this section * * * and he is hereby authorized to prescribe all general rules and regulations for the administration of such game sanctuaries and refuge. * * *" In the act relating to the game refuge in Ocala National Forest, here under consideration, no such provision is found. The latter statute is silent upon the subject except for the provision that "* * * any person violating any of the provisions of this section, or any of the rules or regulations made thereunder [that is section 692a], shall be deemed guilty of a misdemeanor. * * *" At best, that language is but an inference. By whom the regulations shall be promulgated, or what their scope shall be, is left wholly to conjecture, which is inconsistent with due process. So the situation is, not that Congress has transcended its powers, but that in the act establishing a game refuge in Ocala National Forest (16 USCA §§ 692, 692a), Congress has not delegated to the Secretary of Agriculture the requisite authority to promulgate the regulation in question as to that particular game refuge.

█ The regulation in question cannot be sustained under the authority conferred upon the Secretary of Agriculture by 16 USCA § 551, relating to National Forests generally, because the authority there conferred is to make provision for the protection "against destruction by fire and

depredations upon the public forest * * *" and to "make such rules and regulations * * * as will insure the objects of such reservations, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction. * * *" The regulation this defendant is charged with violating, namely, permitting dogs to run at large in the National Forest, has no reference whatever to the purposes for which the power to make regulations is committed to the Secretary of Agriculture under the last-mentioned statute.

Demurrer sustained.