## UNITED STATES v. REEVES et al.
### No. 153.

District Court, W. D. Arkansas, Harrison Division.

July 9, 1941.

C. R. Barry, U. S. Dist. Atty., and Thomas C. Pitts, Asst. Dist. Atty., both of Fort Smith, Ark., for plaintiff.

J. Lloyd Shouse, of Harrison, Ark., and W. Frank Reeves, of Marshall, Ark., for defendants.

MILLER, District Judge.

The indictment, in apt terms, charges the defendants, W. Frank Reeves and Leonard Fletcher, with violating the statute, and rules and regulations of the Secretary of Agriculture, adopted pursuant to the statute (Title 16 U.S.C.A., Section 551) by having in their custody and possession on lands of the United States within the

582

boundaries of the Sylamore Ranger District, Ozark National Forest, Arkansas, dogs not confined and not in leash and by willfully, knowingly and unlawfully permitting the dogs to run at large in the said Sylamore Ranger District in the said Ozark National Forest.

The rule promulgated by the Secretary of Agriculture which it is charged the defendants violated was adopted November 23, 1939, and is as follows:

"Reg. T-7½. The following acts are prohibited on lands of the United States within the boundaries of the Sylamore Ranger District, Ozark National Forest, Arkansas.

"Permitting dogs to run at large or having in possession dogs not in leash or confined." Par. 261, Chapter 2, Title 36 Code of Federal Regulations 1938 Supplement, page 1220.

The defendants demur to the indictment.

The government does not contend that the indictment charges an offense under the statute, 16 U.S.C.A., Section 551, or any other statute, but that the acts charged to have been committed by defendants do constitute an offense under the regulation or rule of the Secretary of Agriculture, supra, and that the Secretary of Agriculture was duly authorized to promulgate said rule and that the same is valid in all respects.

The lands embraced within the boundaries of the Sylamore Ranger District, Ozark National Forest, were acquired by the United States from time to time under Section 516, Title 16 U.S.C.A., with the consent of the State of Arkansas, as evidenced by Section 5646 of Pope's Digest of the Statutes of Arkansas. They were set apart and reserved from the public domain by proclamation of the President, issued under the authority of Section 471, Title 16 U.S.C.A., and are administered by the Secretary of Agriculture as National Forest lands.

The President of the United States by proclamation established within the boundaries of the Ozark National Forest, Arkansas, four game refuges, pursuant to the provisions and authority of Section 682, Title 16 U.S.CA.

■ The acts with which the defendants are charged did not occur on any of the refuges, but did occur on lands in the National Forest. The rule or regulation issued and promulgated by the Secretary of Agriculture does not apply to acts done or committed in the refuges, although the refuges are in the Ozark National Forest. The functions of the Secretary of Agriculture relating to the conservation of wild life, game and migratory birds were transferred to the Secretary of the Interior by Reorganization Plan No. II, Section 4(f), 53 Stat. 1433; 4 Fed.Reg. 2731, and under its provisions as well as the statute, Section 682, Title 16 U.S.C.A., the Secretary of Agriculture does not have authority to issue and promulgate rules and regulations to govern the refuges but the Secretary of the Interior does have such authority.

. If the rule or regulation of the Secretary of Agriculture which the indictment charges the defendant with violating is sustained as valid it must be under the authority of Section 551, Title 16 U.S.C.A., which provides that the Secretary of Agriculture "may make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction".

Sections 5647 and 5648 of Pope's Digest of the Statutes of Arkansas grant to Congress the consent of the State of Arkansas to pass laws and make such rules and regulations of both civil and criminal nature as in its judgment may be necessary for the administration, control and protection of such lands and for the protection of game animals, game and non-game birds and fish on or in and over National Forest lands in Arkansas.

■ Under the Constitution of the United States, Article 4, Section 3, Clause 2, and Article 1, Section 8, the Congress has the right to regulate by statute the use and occupancy of the lands of the United States Government precisely as an individual may deal with and control his land. Fred Light v. United States, 220 U.S. 523, 31 S.Ct. 485, 55 L.Ed. 570.

■ In the very nature of things the Congress cannot by general statute regulate the various and varying details of the management of National Forests. The Ozark National Forest has its own peculiar and special features and problems. The statute authorizing the Secretary to make regulations and rules to meet the local conditions in each National Forest is valid. It is not a delegation of legislative power.

United States v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563; Thompson v. Consolidated Gas Corp., 300 U.S. 55–69, 57 S. Ct. 364, 81 L.Ed. 510; Pacific States Box & Basket Co. v. White, 296 U.S. 176–185, 56 S.Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853.

■ There is a presumption of the existence of facts justifying the issuance of the rule or regulation by the Secretary of Agriculture. Thompson v. Consolidated Gas Corp., supra; Pacific States Box & Basket Co. v. White, supra.

■ The statute authorizes the Secretary of Agriculture in the management of the forests to issue rules "to regulate their occupancy and use". As long as such rules and regulations tend to protect the lands and faithfully preserve the interest of the people of the whole country in the lands, the courts should enforce such rules and regulations. A private owner is entitled to protection against willful trespasses and I see no reason why the government is not entitled to the same protection. The mere fact that any one could heretofore go upon the land or could permit his dog to enter the land is not any reason for holding the rule invalid. The government has the right to withdraw such custom-established license at any time.

■ The grant of power to issue rules and regulations pertaining to the use and occupancy of the lands is not dependent upon the power to preserve the forests from destruction. The grant of the power to regulate the use and occupancy is in addition and independent of the power to issue rules and regulations to preserve the forests from destruction. One of the attributes of ownership is the right to prevent trespasses by persons or animals.

■ National Forests are established for the benefit of the public and if the best interests of the public require that unconfined dogs or dogs not in leash shall not be permitted thereon, as the Secretary of Agriculture found when he issued the regulation now under consideration, the same is valid. A violation of the rule is made a crime, not by the Secretary, but by the Congress. The statute fixes the penalty and the indictment charges a crime.

The defendants rely upon the case of United States v. Minchew, D.C.S.D.Fla., 10 F.Supp. 906. I do not think the holding in that case is controlling. The learned judge based the decision upon the statute creating the Ocala National Forest, 16 U.

S.C.A., sections 692, 692a, and not upon the broad grounds of ownership and the rights incident thereto.

The demurrer is overruled.

The government and defendants have filed herein a stipulation waiving a jury, and setting forth the facts. The agreed facts clearly disclose that defendants are guilty as charged in the indictment and I so find.

■ The penalty prescribed by the statute, Section 104, Title 18 U.S.C.A., is a fine of not more than $500 or imprisonment not more than one year, or both.

The defense has been in good faith and I think the circumstances justify the fixing of a small fine against the defendants. Therefore, a fine of $10 and all cost is assessed against each of the defendants.