Tom **JONES**, Jimmy **Reed** and Frank **Workman, Individually and as Representatives of the Residents and Landowners of the Northwest, Crawford County, Arkansas, Area of the Ozark National Forest, Plaintiffs,**

v.

Orvil L. **FREEMAN, Secretary of Agriculture, United States of America, Alvis Z. Owen, Forest Supervisor, Ozark-St. Francis National Forests, and Gene S. Jackson, District Forest Ranger, Defendants.**

Civ. A. No. 2035.

United States District Court
W. D. Arkansas,
Fort Smith Division.

July 24, 1967.

Fines F. Batchelor, Jr., Van Buren, Ark., for plaintiffs.

Charles M. Conway, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., for defendants.

## OPINION

JOHN E. MILLER, District Judge.

On December 2, 1966, Tom Jones, Jimmy Reed and Frank Workman, "individually and as representatives of the residents and landowners of the northwest, Crawford County, Arkansas," area of the National Forest, commenced the instant action by filing their "Petition for Injunctive Relief." The petition listed as defendants Orvil L. Freeman, Secretary of Agriculture, Alvis Z. Owen, Forest Supervisor, Ozark-St. Francis National Forests, and Gene S. Jackson, District Forest Ranger.

Plaintiffs (petitioners) alleged that the defendant Secretary has adopted an administrative regulation, 36 C.F.R. 261.-13, which provides for impoundment of livestock and sale thereof, without providing administrative or judicial remedies. for factual determination "even though action purporting to be taken thereunder might be completely in violation of said regulation, the statutes and Constitution of the United States of America," and that therefore the defendants should be restrained from enforcing the regulation; that in enforcing the regulation, the defendants have placed dangerous traps at places where they constitute an attractive nuisance for children, and a danger to the plaintiffs and their livestock; and that the defendants have pursued a "studied course of harassment" in an attempt to deprive defendants, and others similarly situated, of life, liberty and property without due process.

They pray that the court enjoin and restrain the defendants from enforcing the regulation, placing out the traps, depriving the plaintiffs of life, liberty and property without due process, and intimidating or harassing the plaintiffs.

On April 3, 1967, the defendants filed their answer admitting that the plaintiffs reside in Crawford County, Arkansas, in the Western District of Arkansas, and that the cause of action arose in this District. The defendants denied all of the material allegations of the complaint, and alleged that the complaint fails to state a claim upon which relief can be granted; that the plaintiffs have no standing to sue for the relief sought; and that the suit is actually an unconsented suit against the United States although nominally against officers and employees thereof. The court is treating the allegations in the answer as a motion to dismiss the complaint for failure to

state a claim upon which relief can be granted. All parties have submitted briefs.

This instant action is a sequel to an action in replevin, filed on October 24, 1966, in the Van Buren, Arkansas, Municipal Court, by plaintiff Jimmy Reed v. Gene Jackson, to recover possession of certain livestock, to-wit: one white hog; one red shoat; and one white boar shoat, which property was being wrongfully withheld from plaintiff. The prayer was for the recovery of the hogs, together with the sum of $50.00 as damages for the wrongful detention thereof.

On October 26, 1966, the United States Attorney, for and in the name of the defendant, Gene Jackson, removed the cause to this court on the ground that Jackson was at all times relevant an officer of the United States and acting in his capacity as District Forest Ranger. Upon removal the cause was designated as Civil Action No. 2024. On October 27, 1966, the Government filed the following motion to dismiss:

"The defendant moves the Court as follows:

"1. To dismiss the action on the ground that the Court lacks jurisdiction because the action is actually a controversy between the plaintiff and the United States of America, and the United States has not consented to be sued.

"2. The Municipal Court of Van Buren, Arkansas, does not have jurisdiction herein as the suit herein is actually a suit against the United States."

The motion was granted on October 31, 1966.

On November 4, 1966, the plaintiff filed his motion for a new trial, which the court treated as a motion for reconsideration. A hearing was held on December 20, 1966. At the hearing testimony was offered by Jimmy Reed, Mrs. Reed, Tom Jones and Frank Workman. The gist of the testimony was that a relationship of antagonism existed between the Forest Rangers and the citizens of Crawford County, and that because of such relationship the Rangers had allowed the livestock to escape from the plaintiff's property and/or had enticed them into a trap located on Government property. The court found that plaintiff failed to establish the allegations of his complaint, and an order was entered denying the plaintiff's motion to reconsider and directing the Forest Service to retain the livestock for thirty days, without cost to the plaintiff, so that the parties might have an opportunity to settle their differences by agreement. Apparently no such settlement has been reached.

The defendants' primary contention is that the instant suit, to enjoin them as officers of the United States, is actually against the United States itself, and as such is barred by the doctrine of sovereign immunity.

The plaintiffs do not contest the doctrine itself nor do they claim that this action falls within any area where the Government has consented to be sued. They contend that this is an action to restrain the named defendants from "their violation of the Fifth Amendment to the United States Constitution by depriving plaintiffs and those in the same position as named plaintiffs, of property, and property rights without due process of law and further to restrain their [defendants'] violation of the very statutory enactments under which they claim that the administrative authority grows."

█ It is settled law that a suit to enjoin Government agents is a suit against the Government unless the acts sought to be enjoined are in excess of authority or in violation of the Constitution of the United States. See, Larson v. Domestic and Foreign Commerce Corp., (1949) 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628; and Malone v. Bowdoin, (1962) 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed. 2d 168.

Article 4, § 3, Clause 2, of the Constitution provides:

"The Congress shall have Power to dispose of and make all needful Rules

and Regulations respecting the Territory or other Property belonging to the United States; * * *"

Pursuant to the authority thereby invested in it, the Congress passed certain statutes (e. g., 7 U.S.C.A. § 1011(f) and 16 U.S.C.A. § 551) granting to the defendant Secretary the authority to promulgate rules and regulations to provide for the protection and conservation of Government owned lands. Title 36, C.F. R. § 261.13, is one such regulation, and reads as follows:

"(a) Livestock trespassing on National Forests or on other land under Forest Service control, which are not removed therefrom within the prescribed period after giving or publishing a warning notice as provided in this regulation, may be impounded by a Forest officer. Whenever such Forest officer has definite knowledge of the kind or class of livestock that is in trespass, and knows the name and address of the owners, such impoundment may be effected at any time five days after the date that written notice of the trespass is mailed by registered mail or delivered to such owners, unless in the meantime the trespass has ceased.

"(b) In the event that local Forest officers do not have complete knowledge of the kind or class of livestock in trespass, or if the name and address of the owner thereof are unknown, impoundment may be affected at any time 15 days after the date of a notice of intention to impound trespassing livestock is first published in a local newspaper and posted at the county courthouse and in one or more local post offices.

"(c) Any unbranded livestock which are in trespass or any livestock bearing brands belonging to the owner of livestock previously found in trespass during the calendar year, which subsequent to notice and action under paragraph (a) or (b) of this section, are found in continuing or subsequent trespass, within twelve months after a general notice of intention to impound trespassing livestock is first published in the calendar year in a local newspaper and posted at the county courthouse and in one or more local post offices, may be impounded without further notice.

"(d) No sale of impounded livestock shall be made until at least five days have elapsed after the date of impoundment. The owner may redeem the livestock within the five-day period by submitting proof of ownership and paying for the value of the forage consumed during the trespass period and all expenses incurred by the United States in advertising, gathering, impounding, and feeding or pasturing them.

"(e) If the livestock are not redeemed on or before the date fixed for their sale, they shall be sold at public sale to the highest bidder. If no bid is received, the livestock may, in the discretion of the responsible Forest Officer, be sold at private sale or be condemned and destroyed or otherwise disposed of. When livestock are sold pursuant to this regulation, the Forest Officer making the sale shall furnish the purchaser a bill of sale or other written instrument evidencing the sale."

■ The apparent contentions of plaintiffs that the statutes and the regulations promulgated pursuant thereto are unconstitutional on their face are without foundation. Congress has expressly granted the authority to protect Government lands. The regulation complained of here appears to provide for a reasonable means of effectuating that Congressional intent. The plaintiffs in their complaint merely allege that "action purporting to be taken thereunder *might* be" in violation of the Constitution.

■ The essence of the plaintiffs' complaint [petition] is that the Forest Rangers have placed traps on the Government property for the purpose of capturing animals which might wander upon the land. There is, however, no allegation that any acts actually committed by

the Rangers have been in violation of the Constitution, and the court will not enjoin the enforcement of a valid regulation merely because unconstitutional acts might result from the enforcement thereof.

The complaint also fails to allege any acts committed by the defendants in excess of their authority. With respect to the charges of intimidation and harassment, certainly these defendants have no authority to harass or intimidate residents living in the area of the National Forests. However, the only acts alleged were clearly within the conduct prescribed by the statutes and regulations. There is no allegation of any specific acts of harassment or intimidation.

Therefore, an order is being entered today dismissing the complaint of plaintiffs.