Tom JONES, Jimmy Reed and Frank Workman, Individually, and as Representatives of the Residents and Landowners of the Northwest, Crawford County, Arkansas, Area of the Ozark National Forest, Appellants,

v.

Orville L. FREEMAN, Secretary of Agriculture, United States of America, Alvis Z. Owen, Forest Supervisor, Ozark-St. Francis National Forests, and Gene S. Jackson, District Forest Ranger, Appellees.

No. 19063.

United States Court of Appeals
Eighth Circuit.

Aug. 28, 1968.

Fines F. Batchelor, Jr., Van Buren, Ark., for appellants and filed briefs.

Robert S. Lynch, Atty., Dept. of Justice, Washington, D. C., for appellees; Clyde O. Martz, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Atty., Raymond N. Zagone, Dept. of Justice, Charles M. Conway, U. S. Atty., Fort

Smith, Ark., and Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., were with Robert S. Lynch, Washington, D. C., on the brief.

Before MEHAFFY, GIBSON and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

This case arises out of the efforts of the United States Forest Service to keep razorback hogs from foraging in the Ozark National Forest as they have been wont to do for decades.

The plaintiffs are Arkansas farmers who live adjacent to the forest. They concede that the Forest Service has the right to keep the hogs out of the forest, but protest the regulation promulgated by the Secretary of Agriculture to achieve this end. They particularly object to the regulations insofar as they permit the Forest Service to impound trespassing livestock, to assess expenses for so doing to their owners and, under certain circumstances, to sell the animals and retain a portion of the proceeds to cover their expenses—and to take these actions without giving the owners a trial-type hearing.[1]

One of the plaintiffs initially attempted to test the regulations insofar as they relate to impounding by bringing an action in replevin, in an Arkansas state court, against a District Forest Ranger which asked that two hogs be returned to the plaintiff and that he be awarded $50.00 in damages for wrongful detention. The case was removed by the government to Federal District Court and was there dismissed on the grounds that the suit was actually one between the plaintiff and the United States and that it had not consented to be sued.[2] A motion for reconsideration was filed and a

---

1. "(a) Livestock trespassing on National Forests or on other land under Forest Service Control, which are not removed therefrom within the prescribed period after giving or publishing a warning notice as provided in this regulation, may be impounded by a Forest Officer. Whenever such Forest officer has definite knowledge of the kind or class of livestock that is in trespass, and knows the name and address of the owners, such impoundment may be effected at any time five days after the date that written notice of the trespass is mailed by registered mail or delivered to such owners, unless in the meantime the trespass has ceased.

"(b) In the event that local Forest officers do not have complete knowledge of the kind or class of livestock in trespass, or if the name and address of the owner thereof are unknown, impoundment may be effected at any time 15 days after the date of a notice of intention to impound trespassing livestock is first published in a local newspaper and posted at the county ccurthouse and in one or more local post offices.

"(c) Any unbranded livestock which are in trespass or any livestock bearing brands belonging to the owner of livestock previously found in trespass during the calendar year, which subsequent to notice and action under paragraph (a) or (b) of this section, are found in continuing or subsequent trespass, within twelve months after a general notice of intention to impound trespassing livestock is first published in the calendar year in a local newspaper and posted at the county courthouse and in one or more local post offices, may be impounded without further notice.

"(d) No sale of impounded livestock shall be made until at least five days have elapsed after the date of impoundment. The owner may redeem the livestock within the five-day period by submitting proof of ownership and paying for the value of the forage consumed during the trespass period and all expenses incurred by the United States in advertising, gathering, impounding, and feeding or pasturing them.

"(e) If the livestock are not redeemed on or before the date fixed for their sale, they shall be sold at public sale to the highest bidder. If no bid is received, the livestock may, in the discretion of the responsible Forest officer, be sold at private sale or be condemned and destroyed or otherwise disposed of. When livestock are sold pursuant to this regulation, the Forest Officer making the sale shall furnish the purchaser a bill of sale or other written instrument evidencing the sale." 36 C.F.R. § 261.13 (1968).

2. Had this decision been appealed, this Court would have apparently been presented with the substantive issues now before it.

hearing on it was held. The District Court again denied relief but urged mediation of the dispute. In the present action, it summarized its prior decision as follows:

"* * * The gist of the testimony was that a relationship of antagonism existed between the Forest Rangers and the citizens of Crawford County, and that because of such relationship the Rangers had allowed the livestock to escape from the plaintiff's property and/or had enticed them into a trap located on Government property. The court found that plaintiff failed to establish the allegations of his complaint, and an order was entered denying the plaintiff's motion to reconsider and directing the Forest Service to retain the livestock for thirty days, without cost to the plaintiff, so that the parties might have an opportunity to settle their differences by agreement. * * *"

270 F.Supp. 989, 991 (W.D.Ark.1967).

The plaintiffs, individually and as representatives of the area landowners, then instituted the present action. The claim for relief alleged that: (1) the regulation provides for impoundment and sale of trespassing livestock without a trial-type administrative hearing or for judicial review, even though such action might be in violation of the regulation itself or the Constitution; (2) traps set near private land holdings present a danger to persons, livestock and wildlife; (3) the Forest Service, while claiming to be acting within its authority, has pursued a course of conduct solely intended to harass the landowners, to deprive them of life, liberty and property without due process of law, and to take property from them without just compensation. The complaint prayed for an injunction restraining the Forest Service from: (1) enforcing the challenged regulation (36 C.F.R. § 261.13); (2) attempting to withhold or sell hogs which the defendants purported to hold; (3) maintaining dangerous traps in the vicinity of private landholding; (4) en-

ticing or removing livestock from private landholding; and (5) harassing and intimidating the landowners or depriving them of life, liberty and property without due process of law.

The defendants, generally, denied the allegations and further defended on the grounds that: (1) the complaint failed to state a claim for which relief could be granted; (2) the plaintiffs were without standing; and (3) the action was an unconsented suit against the United States.

The District Court treated the answer as a motion to dismiss the complaint for failure to state a claim. An order dismissing the action was entered.

In an attached memorandum, the court held:

"It is settled law that a suit to enjoin Government agents is a suit against the Government unless the acts sought to be enjoined are in excess of authority or in violation of the Constitution of the United States. See, Larson v. Domestic and Foreign Commerce Corp., (1949) 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628; and Malone v. Bowdoin, (1962) 369 U.S. 643, 82 S. Ct. 980, 8 L.Ed.2d 168.

* * * * * *

"* * * There is, however, no allegation that any acts actually committed by the Rangers have been in violation of the Constitution, and the court will not enjoin the enforcement of a valid regulation merely because unconstitutional acts might result from the enforcement thereof.

"The complaint also fails to allege any acts committed by the defendants in excess of their authority. With respect to the charges of intimidation and harassment, certainly these defendants have no authority to harass or intimidate residents living in the area of the National Forests. However, the only acts alleged were clearly within the conduct prescribed by the statutes and regulations. There is no allegation of any specific acts of harassment or intimidation."

The plaintiffs appeal from the decision of the District Court.

■ At the outset, we note that the complaint does not contain "* * * a short and plain statement of the grounds on which the court's jurisdiction depends." Rule 8(a) (1), Fed.R.Civ.P. This failure was not raised by the appellees in District Court but we must, nevertheless, satisfy ourselves that jurisdiction existed. E. g., Illinois Terminal R. Co. v. Friedman, 208 F.2d 675, 676 (8th Cir. 1954).

■ The plaintiffs assert in their brief before this Court that the District Court had jurisdiction under Chapter 7 of the Administrative Procedures Act, 5 U.S.C. §§ 701–06 (1965–66 Supp.). It does not. Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe, 370 F.2d 529, 533 (8th Cir. 1967).

We believe that the facts to establish jurisdiction under 28 U.S.C. § 1346(a) (2) (1964 ed.) were pleaded, although not artfully.[3] In any event, either this Court or the District Court, on remand, has power to permit amendment to avoid dismissal under jurisdictional grounds. 28 U.S.C. § 1653 (1964 ed.); e. g., Kaufman v. Western Union Telegraph Company, 224 F.2d 723 (5th Cir. 1955), cert. denied, 350 U.S. 947, 76 S.Ct. 321, 100 L.Ed. 825 (1956); Brooks v. Yawkey, 200 F.2d 663 (1st Cir. 1953); Columbian Nat. Life Ins. Co. v. Harrison, 6 Cir., 12 F.2d 986 (1926).

We thus turn to the merits.

Throughout this litigation, the defendants' principal argument has been that the plaintiffs' action is barred by the doctrine of sovereign immunity. We do not agree.

■ If the Secretary has acted beyond the scope of his authority in promulgating the "impounding" regulation, sovereign immunity is no defense. It is not a defense because the doctrine is premised on the theory that a suit against federal officers is, in essence, a suit against the United States only if those officers are acting within the scope of their authority. Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). Thus, in *Larson,* the Court stated that the immunity from injunction process may not be claimed by "a Federal officer acting in excess of his authority." 337 U.S. at 690–691, 69 S.Ct. at 1462. In *Malone* the Court specifically noted that the plaintiff did not assert "that the [Forest Service Officer] was exceeding his delegated powers as an officer of the United States * * *." 369 U.S. at 648, 82 S.Ct. at 984. See generally, L. Jaffe, Judicial Control of Administrative Action, 222–231 (1965); Byse, Proposed Reforms in Federal "Nonstatutory" Judicial Review: Sovereign Immunity, Indispensable Parties, Mandamus, 75 Harv.L.Rev. 1479, 1484–93 (1961); Note 55, Columb.L.Rev. 73, 74–75 (1955).

Whether the Secretary exceeded his delegated powers is a close and difficult question.

---

3. The plaintiffs claim that they were denied an administrative hearing sufficiently alleged a violation of the Due Process Clause of the Fifth Amendment—a claim "arising under the Constitution * * * of the United States." See generally, Cafeteria and Restaurant Workers, etc. v. McElroy, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). Similarly, the plaintiffs claim that they are entitled to judicial review of the Forest Service's action as a claim "arising under the * * * laws * * * of the United States." See generally, Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972 (1953); Larson v. Domestic & For-

eign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

While the claim alleges a "federal question," that is not sufficient. The complaint neither alleges the sufficient amount controversy to base jurisdiction on 28 U.S.C. § 1331 (1964 ed.); nor does it allege, alternatively, that this is a suit against the United States so that jurisdiction may be based on 28 U.S.C. § 1346 (a) (2) (1964 ed.). However, since we hold that the Secretary was acting within the scope of his authority and, thus, the action is, in essence, one against the United States, jurisdiction is based upon § 1346(a) (2).

The Secretary's authority for the impounding regulation must be premised on 7 U.S.C. § 1011(f) (1964 ed.) or 16 U.S.C. § 551 (1964 ed.).[4] While the source of authority might be important under other circumstances, here it is not, for neither section specifically authorizes the Secretary to impound trespassing animals, and both provide that any violation of the regulations *shall*[5] be punished by a fine and/or imprisonment. In addition, each section provides for a trial and sentencing before a United States Commissioner.

Absent express authority to impound, the Secretary's authority, if any, must be implied. We believe it can.

■ The right to enjoin for trespass, although not specifically granted, has been implied. Light v. United States, 220 U.S. 523, 31 S.Ct. 485, 55 L.Ed. 570 (1911). Accord, Perko v. United States, 204 F.2d 446 (8th Cir.) cert. denied, 346 U.S. 832, 74 S.Ct. 48, 98 L.Ed. 355

(1953); Beard v. United States, 41 F.2d 711 (9th Cir.), cert. denied, 282 U.S. 886, 51 S.Ct. 90, 75 L.Ed. 781 (1930). The rationale for the implication being that the United States, as a proprietor, has all the remedies available to it that a landowner has at common law.[6]

While "distraint for beasts *damage feasance*" appears to have been recognized at common law, Lindon v. Hooper, 1 Cowp. 414 (1776) (per Lord Mansfield) (*semble*); Crocker v. Mann, 3 Mo. 472, 26 Am.Dec. 684 (1834), it has been largely superseded in the United States by very early statutes. Crocker v. Mann, supra. See generally, Hale v. Clark, 19 Wend. [N.Y.Common-Law Rep.] 498 (1839). But compare Tobin v. Deal, 60 Wis. 87, 18 N.W. 634 (1884) with Warring v. Cripps, 23 Wis. 460 (1868). The statutory remedy is provided in Arkansas. Ark.Stat.Annot. §§ 78–1404–1410.

---

4. The Secretary asserts that 7 U.S.C. § 1011(f) authorized him to promulgate the regulation in issue. We question that assertion. While § 1011(f) provides that the Secretary may "make such * * * regulations as he deems necessary to prevent trespasses * * *," the authority in that subsection relates only to land acquired by, or transferred to, the Secretary for the purposes enumerated in §§ 1010–1013. Only § 1010 (1965–66 Supp.) is even arguably relevant:
   "*Land conservation and land utilization*
   "The Secretary is authorized and directed to develop a program of land conservation and land utilization, in order thereby to correct maladjustments in land use, and thus *assist* in controlling * * *, *reforestation*, preserving natural resources, * * *, developing and protecting recreational facilities, * * * conserving surface and subsurface moisture, protecting the watersheds of navigable streams, and *protecting the public lands*, * * *." (Emphasis added.)
   16 U.S.C. § 551 (1964 ed.), provides:
   "*Protection of national forest; rules and regulations*
   "The Secretary of Agriculture shall make provisions for the protection against destruction by fire and depredations upon the public forests and *na-*

*tional forests* which may have been set aside or which may be hereafter set aside under the provisions of section 471 of this title, and which may be continued * * *" (Emphasis added.) Section 551 must control over § 1011 since the former deals specifically with National Forests, while the latter does not. Accord, Bulova Watch Co., Inc. v. United States, 365 U.S. 753, 758, 81 S.Ct. 864, 6 L.Ed.2d 72 (1961); Fourco Glass Co. v. Transmirra Prod. Corp., 353 U.S. 222, 228–229, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); Ginsberg & Sons v. Popkin, 285 U.S. 204, 208, 52 S.Ct. 322, 76 L.Ed. 704 (1932); Townsend v. Little, 109 U.S. 504, 512, 3 S.Ct. 357, 27 L.Ed. 1012 (1883).

5. The use of the word "shall" suggests the statute is mandatory in providing a single remedy. E. g., Anderson v. Yungkau, 329 U.S. 482, 485, 67 S.Ct. 428, 91 L.Ed. 436 (1947) ("The word 'shall' is ordinarily 'the language of command.'")

6. A landowner might sue for trespass, e. g., McKee v. Trisler, 311 Ill. 536, 143 N.E. 69, 33 A.L.R. 1298 (1924); Fox v. Koehnig, 190 Wis. 528, 209 N.W. 708, 49 A.L.R. 903 (1926); Annot. 60 A.L.R.2d 310, 368–373 (1958), or abate the trespass by turning the animals out, e. g., Tobin v. Deal, 60 Wis. 87, 18 N.W. 634 (1884).

There are distinctions between the typical impoundment statute and the regulation promulgated by the Secretary. The state statutes typically provide for a trial-type hearing by an impartial administrative tribunal,[7] and for judicial review.[8]

■ Despite these distinctions, particularly in the light of its long history as a remedy, we are inclined to view impoundment as a remedy falling within the ambit of Light v. United States, supra, even though its American origins are statutory, and to hold that the Secretary has implied authority to use the remedy.

■ Even though the Secretary acted within his authority in promulgating the regulation, he has no right to claim sovereign immunity against a landowner who claims improper impoundment for we are of the opinion that either 16 U. S.C. § 551 or 7 U.S.C. § 1011(f) permit judicial review without expressly providing for it. See generally, Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972 (1953).

In *Heikkila,* the Supreme Court stated that reviewability is a question of legislative intent and each statute must be examined individually. Id. at 233, 73 S. Ct. 603, 97 L.Ed. 972. The text of the Act, its purpose and its history must each be examined. Ibid. The test of reviewability is codified in the Administrative Procedures Act, 5 U.S.C. §§ 701, 704.

"§ 701. *Application; definitions*

"(a) This chapter applies, * * *, except to the extent that—

"(1) statutes preclude judicial review; or

"(2) agency action is committed to agency discretion by law."

"§ 704. *Actions reviewable*

"Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. * * *"

These sections of the Act make clear that the test of reviewability depends on whether the statute precludes it:

"The decisions of the past two or three decades fit reasonably well the idea of a presumption of reviewability that may be rebutted by affirmative indication of legislative intent in favor of unreviewability, or by some special reason for unreviewability growing out of the subject matter or the circumstances. * * *"

K. Davis, Administrative Law, § 28.07 (1958).

We have not been directed to nor have we found specific statutory language or legislative history concerning the reviewability of the Secretary's determination under 16 U.S.C. § 551 or 7 U.S.C. § 1011.

We can perceive no policy reason underlying the acts which suggest that judicial review of the impoundment procedures is inappropriate. Davis, supra at § 28.07.

Finally, we consider whether the action is one "committed to agency discretion by law," 5 U.S.C. § 701(a) (2), and, thus, not reviewable. See generally, United States v. Pink, 315 U.S. 203, 62 S.Ct. 552, 86 L.Ed. 796 (1942).

The Secretary's discretion to preclude privately-owned animals from the National Forest is accepted by the plaintiffs and is recognized by this Court. United States v. Reeves, D.C., 39 F. Supp. 580 (Ark.1941). Cf. McMichael v. United States, 355 F.2d 283 (9th Cir. 1965).

---

7. E. g., Ark.Stat.Annot. §§ 78–1405–1406; Iowa Code Annot. §§ 188.11–14; Annot. Mo.Stat. 270.030–270.040; R.S.Neb. §§ 54–405–54–406.

8. Iowa Code Annot. § 188.19; Crumbley v. Guthrie, 207 Ark. 875, 183 S.W.2d 47

(1944); Warring v. Cripps, 23 Wis. 460 (1868). Judicial review usually takes the form of a replevin action. Warring v. Cripps, supra; Lindon v. Hooper, 1 Cowp. 414 (1776).

■ Judicial review under a statute authorizing agency action is not precluded because some of that action may be "committed to agency discretion by law." 5 U.S.C. § 701(a) (2). Rather, judicial review is precluded only to the extent that such discretion exists. Davis, Unreviewable Administrative Action, 15 F.R.D. 411, 428 (1954).

■ The act of impounding and assessing expenses involves little or no discretion. They are acts based on a perception of facts. Few policy judgments are involved. The actions are judicially reviewable.[9]

Since, incident to judicial review, the plaintiffs will be entitled to a trial de novo if there is no administrative hearing, we need not consider whether the failure to provide an administrative hearing is a denial of due process. Jordan v. American Eagle Fire Ins. Co., 83 U.S.App.D.C. 192, 169 F.2d 281 (1948). Cf., United States v. Alexander Wool Combing Co., D.C., 66 F.Supp. 389 (Mass. 1946); aff'd, 1 Cir., 160 F.2d 103 (1947); aff'd sub nom., Lichter v. United States, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694 (1948).

■ Notwithstanding our opinion that an owner of impounded livestock is entitled judicial review and notwithstanding the fact that the plaintiffs twice tried and twice failed to obtain such review, we must affirm the decision of the lower court as the complaint fails to allege that livestock of the plaintiffs was impounded on other than Forest Service lands or that an unreasonable fee was charged by the government for its expenses in impounding and holding the animal.[10] See generally, Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L. Ed.2d 80 (1957).

Affirmed.

---

9. Many agency actions involving discretion are subject to judicial review. Ferry v. Udall, 336 F.2d 706 (9th Cir. 1964); Homovich v. Chapman, 89 U.S.App.D.C. 150, 191 F.2d 761 (1951). This is evident upon an examination of Section 706:

"§ 706. *Scope of review*

"* * * The reviewing court shall—

* * * * *

"(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

"(A) Arbitrary, capricious, *an abuse of discretion*, or otherwise not in accord-

ance with law; * * *" (Emphasis added.)

10. While the complaint arguably alleged that the government enticed animals on the Forest Service property, which are still being held by the Forest Service, Judge Miller's opinion in the earlier action involving the same parties and apparently based on the same fact situation that the government had not enticed the animals would appear on the surface to be res judicata.