**Herman McVAY, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 73-1121.**

United States Court of Appeals, Fifth Circuit.

July 3, 1973.

Rehearing Denied Aug. 23, 1973.

James D. Davis, Alexandria, La., for plaintiff-appellant.

Donald E. Walter, U. S. Atty., Robert E. Shemwell, Asst. U. S. Atty., Shreveport, La., Neil Proto, Dept. of Justice, Kent Frizzell, Asst. Atty. Gen., George R. Hyde, Attys., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before AINSWORTH, GODBOLD and INGRAHAM, Circuit Judges.

AINSWORTH, Circuit Judge:

This suit was brought by Herman McVay against the United States for a preliminary and permanent injunction to enjoin enforcement of a regulation of the Secretary of Agriculture, 36 C.F.R. § 261.13, alleged to be unconstitutional and invalid. The regulation pertains to the impounding and sale of livestock found to be trespassing on National Forests. After a hearing the district judge declined to grant an injunction and assigned written reasons for his refusal. We affirm.

Defendant McVay was notified on August 2, 1972 by the Forest Supervisor for the Kisatchie National Forest in Louisiana that his cattle had been observed on National Forest land without authorization or permit, and he was informed that he had until August 11 to remove them or they would be impounded. On August 22, the Forest Service, acting under authority of the regulation, 36 C.F.R. § 261.13(a), impounded nine of McVay's cows which were found on National Forest land. Though given an opportunity to do so, including a conference with McVay's attorney relative to redemption of the impounded cattle upon payment of the Government's expenses, appellant did not redeem his cows. On August 24, a notice was published in the Alexandria, Louisiana, daily newspaper to the effect that on August 29 the impounded cows would be auctioned at public sale. Mc-

Vay then filed the instant suit on August 25 for injunctive relief, alleging that the regulation under which the cattle had been impounded was unconstitutional, in violation of the Fifth Amendment, because it allegedly did not provide for notice and a hearing prior to impoundment or for an opportunity to contest the validity of the expenses incurred. A hearing was held by the district court on August 31 and its ruling was made on September 1, 1972, denying the requested injunction. In the meanwhile, the sale scheduled for August 29 had been cancelled because of pendency of the suit and the notice was republished for the public auction to be held on September 5, 1972.

Appellant McVay relies principally on the recent decision of the Supreme Court in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). But we find, as did the district judge, that the holding in that matter is inapposite. In the present case the applicable regulations promulgated by the Secretary of Agriculture provide for notice by registered mail to the owner of the livestock found trespassing on National Forests, the owner being given five days after date of the written notice of the trespass to remove his cattle or impoundment would follow. 36 C.F.R. § 261.13(a). Upon impoundment of the livestock no sale shall be made until at least five days have elapsed and the owner may redeem his livestock within that period by submitting proof of ownership and paying the Government's expenses. 36 C.F.R. § 261.13(d). Thereafter, if the livestock are not redeemed within the date fixed for their sale, they shall be sold at public auction to the highest bidder. 36 C.F.R. § 261.13(e). It appears that McVay had ample time from the date he was first notified on August 2, 1972, until September 5, 1972, when the public auction occurred, to redeem his cows but that he failed to do so. According to his brief, he appeared at the sale and bid for his own cows which cost him over $1,000, where the Government's expenses were said to be $2,076.-95.

In our view the regulation is a proper exercise of the powers conferred upon the Secretary of Agriculture by the Constitution. *See* art. IV, § 3, cl. 2 of the Constitution which grants to Congress legislative power over the public domain. The Secretary of Agriculture is authorized by Congress to make such rules and regulations as are necessary to prevent trespassers and otherwise regulate the use and occupancy of property in the public domain, including the National Forests. *See* 7 U.S.C. §§ 1010, 1011(f); 16 U.S.C. § 551. The Eighth Circuit has had occasion to consider the question involved and has upheld the constitutionality of the regulation, including the remedy of impoundment. *See* Jones v. Freeman, 8 Cir., 1968, 400 F.2d 383, 388–389.

In denying McVay's suit for an injunction, the district court held, "Nothing herein should be construed as affecting any rights the plaintiff may have other than by way of injunction." The district judge stated in his reasons that the regulation was not unconstitutional and that plaintiff had shown no threat of irreparable injury; that he could pay the penalties involved and sue for their recovery. He apparently had in mind that plaintiff may assert any claim for wrongful conduct by Government agents, including Forest Service employees, where it is claimed that the actual expenses and charges incurred were excessive and not justified by the circumstances. Thus under the Tucker Act, 28 U.S.C. § 1346 (a)(2), the federal district court has original jurisdiction over any civil action or claim against the United States not exceeding $10,000 in amount, "founded either upon the Constitution, or any Act of Congress, *or any regulation of an executive department,* . . . ." (Emphasis supplied.) Under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), the district court has exclusive jurisdiction of "civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Finding no constitutionality in the applicable regulation, we are satisfied that the district judge correctly denied injunctive relief, especially where it appears that appellant has an adequate remedy at law to assert his claim.

Affirmed.