Julian R. McCLENDON, Plaintiff-
Appellant,

v.

Winton M. BLOUNT, Postmaster General,
et al., Defendants-Appellees.

No. 18826.

United States Court of Appeals,
Seventh Circuit.

Nov. 4, 1971.

Franklin M. Lazarus, Francis P. But-
ler, Chicago, Ill., for plaintiff-appellant.

William J. Bauer, U. S. Atty., Matt P.
Cushner, Asst. U. S. Atty., Chicago, Ill.,
John Peter Lulinski, Jeffrey Cole, Asst.
U. S. Attys., of counsel, for defendants-
appellees.

Before DUFFY, Senior Circuit Judge,
and KILEY and KERNER, Circuit
Judges.

DUFFY, Senior Circuit Judge.

Plaintiff is a former employee of the
United States Post Office Department.
On January 14, 1966, the Department
instituted dismissal proceedings against
plaintiff, alleging his participation in an
extortion conspiracy in which plaintiff
received and was found in possession of

$25.00 in marked currency which had been extracted from one Sherwood Smith, a fellow employee.

On March 2, 1966, the Regional Director of the Post Office Department notified plaintiff that his employment would be terminated effective March 18, 1966. Plaintiff then appealed from the order for his dismissal to the Bureau of Operations, Post Office Department, Washington, D. C., and requested a hearing. Such a hearing was held on May 4, 1966.

By letter dated June 14, 1966, plaintiff was advised by the Director, Installations Management Division, that the charges against him had been sustained.

Plaintiff then appealed to the United States Civil Service Commission. A hearing was held during the period from September 29, 1966 to November 9, 1966. In a decision on that hearing dated November 22, 1966, the Director, Chicago Region, United States Civil Service Commission, sustained the removal action of the Post Office Department. On March 6, 1967, the Board of Appeals and Review of the United States Civil Service Commission issued a final decision sustaining the Department's dismissal action, thereby exhausting plaintiff's administrative remedies.

A lawsuit followed, being filed in the District Court on April 1, 1969. Postmaster General Winton M. Blount, was named as the sole defendant. The complaint was entitled "Complaint for an Injunction" and it prayed that the Court enter an order requiring defendant Blount to reinstate plaintiff retroactively with full back pay and full rights of seniority.

Defendant filed a motion to dismiss, and on October 27, 1969, the District Court entered an order dismissing the complaint, stating that the Court lacked jurisdiction of the subject matter and that the complaint failed to state a claim upon which relief can be granted.

On April 16, 1970, plaintiff filed a new complaint identical in substance with the previous complaint, but adding defendants Hampton, Johnson and Andolsek, the individual Commissioners of the Civil Service Commission from which plaintiff appealed, as indispensable parties.

The District Court granted a motion to dismiss the second complaint stating it failed to state a claim upon which relief can be granted, and that the cause of action is barred by *res judicata.*

The function of a District Court in judicial review of administrative decisions is well stated in Vigil v. Post Office Department of the United States, 406 F.2d 921, 922 (10 Cir., 1969) "Under the statutes and regulations issued pursuant thereto a Department may discharge an employee for the good of the service, but before doing so charges must be filed, notice must be given with an opportunity to answer, a hearing must be had if demanded in writing and various appeals must be allowed before discharge becomes final. After these steps have been taken the discharged employee may file suit in the United States District Court for a review to determine whether all the statutory and legal requirements have been complied with,[1] and whether the action of the Department officials was arbitrary, capricious or not supported by substantial evidence."

In *Vigil, supra,* which was a suit for a reinstatement and back pay, it was decided that there was substantial evidence which supported the action of postal officials in discharging an employee from his position as a janitor where he had pleaded guilty to a specific criminal charge. "For the good of the Department" was the rationale used by officials as the overriding consideration for his termination. Summary judgment was granted to the Post Office Department and a motion for a new trial was overruled.

The record of the administrative hearings in this case discloses that all of the statutory and legal requirements have been met and that the action of the Post

1. Section 14, Veterans' Preference Act, 5 U.S.C. § 863.

Office Department and the Civil Service Commission was neither arbitrary nor capricious, and said action certainly was supported by substantial evidence received at the hearing.

Sherwood Smith, a post office employee, had been an extortion victim for a considerable period of time. He had received threats of physical harm and threats of job loss. On one occasion, he was told that if he did not pay his past due secret union dues, he would be suspended. Smith's mother overheard this conversation and was concerned because she knew that her son had made some comparatively large withdrawals from his bank account.

■ Postal inspectors were contacted. They gave Smith $25 in marked money. On the advice of employee Knight, Smith placed the $25 in a locker. Later, plaintiff opened the locker, reached in and obtained the marked money. Post Office inspectors who had been watching, took plaintiff into custody, receiving a sworn statement from plaintiff admitting removal of the money.

The evidence in this case was thoroughly examined three times in the appellate process and was found to sustain the action which had been taken by the Department against the plaintiff. Certainly there was no evidence of any arbitrary action against the plaintiff.

Plaintiff elected to commence a second action in the nature of mandamus seeking reinstatement, back pay, seniority and other benefits. Plaintiff urges that the District Court had and has subject matter jurisdiction over the second action in the nature of mandamus under 28 U.S.C. § 1361.

■ Plaintiff apparently fails to realize, in this instance, that an action in the nature of mandamus is an improper remedy to obtain a retraction of action already taken by the Department. "Insofar as plaintiff seeks a direct retraction of action already taken, mandamus is not a proper remedy." Rural Electrification Administration v. Northern States Power Company, 373 F.2d 686, 695, n. 14 (8 Cir., 1967); Dodge v. Naki, 298 F.Supp. 17, 20 (D.C.1968).

■ Mandamus may issue only when the claim for relief is clear and the duty of the officer involved is ministerial, plainly defined and preemptory. Mollohan v. Gray, 413 F.2d 349 (9 Cir., 1969); United States v. Walker, 409 F. 2d 477 (9 Cir., 1969); Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10 Cir., 1966).

■ In both complaints, plaintiff sought damages in excess of $10,000. In his reply brief plaintiff states " * * * that if the Court adopts the rule of the 5th Circuit as stated in Carter v. Seamans, 411 F.2d 767 (5 Cir., 1969), he would waive any part of the claim which exceeds $10,000." In *Carter, supra,* the Court of Appeals affirmed a District Court determination dismissing the action and deferring it to the Court of Claims. The Court in *Carter, supra,* reasoned that the jurisdiction of the Court of Claims imposed by 28 U.S.C. § 1346(a) (2) for money claims in excess of $10,000 against the United States must be held to apply also to a mandamus proceeding brought pursuant to 28 U.S.C. § 1361. Any action in a District Court in such a case would undermine the Court of Claims' jurisdiction by permitting the District Court, in effect, to grant relief in excess of the Tucker Act limit.

In conclusion, we already have decided an action in the nature of mandamus is not a proper remedy in this case. Further, plaintiff has failed to indicate any alternative jurisdictional basis. Even if a jurisdictional basis had been present, District Court jurisdiction in this case should be denied because the waiver of the amount in excess of $10,000 was not specifically made or entered in the pleadings. Perry v. United States, 308 F.Supp. 245 (D.C.1970).

We believe that the plaintiff failed to state a claim upon which relief can be

granted, and the cause is barred by *res judicata*.

The decision and judgment of the District Court is

Affirmed.