Mercedes Kathleen Simonetti
CALLAWAY, Plaintiff,

v.

The Honorable John C. STETSON, Secretary of the Air Force of the United States of America and the Air Force of the United States of America, Defendants.

PCA No. 77–0536.

United States District Court,
N. D. Florida,
Pensacola Division.

March 16, 1978.

Ernest L. Cotton, Cotton & Wesley, Fort Walton Beach, Fla., and George E. Day, Shalimar, Fla., for plaintiff.

Thomas G. Banjanin, Asst. U. S. Atty., Pensacola, Fla., for defendants.

## MEMORANDUM DECISION

ARNOW, Chief Judge.

Before the court is motion of defendants to dismiss this action.

One ground for the motion is that plaintiff has failed to exhaust her administrative remedies.

. . . a court should not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice corrective measures.

*Mindes v. Seaman*, 453 F.2d 197, 201 (5th Cir. 1971). If available administrative remedies have not been exhausted, suit is premature and the court lacks jurisdiction. *Hodges v. Callaway*, 499 F.2d 417 (5th Cir. 1974); *McCurdy v. Zuckert*, 359 F.2d 491 (5th Cir. 1966) *cert. den.* 385 U.S. 903, 87 S.Ct. 212, 17 L.Ed.2d 133 (1966). Since the exhaustion requirement is jurisdictional, the court has considered such of the extraneous material submitted as bears on this question.

At the time this suit was filed, plaintiff had not applied to the Air Force Board for Correction of Military Records which has the power to grant the relief sought here. 10 U.S.C. § 1552. Plaintiff nevertheless contends defendant Secretary is "equitably estopped from asserting the defense of non-exhaustion of administrative remedies because of . . . malpractice and culpability in the erroneous and incompetent ad-

vice provided to the Plaintiff when a clear duty existed to properly advise her and properly assist in the remeding (sic) the discrimination against her."

 Estoppel may be invoked against the government or its agencies only in limited circumstances. 28 *Am.Jur.*2d, *Estoppel and Waiver*, §§ 132 and 133. Cases cited by plaintiff are inapposite in the circumstances here presented. However, even assuming *arguendo* this case to be one in which estoppel could be invoked against defendant, the factual situation is not such as to warrant the working of an estoppel.

> The most comprehensive definition of equitable estoppel or estoppel in pais is that it is the principle by which a party who knows or should know the truth is absolutely precluded, both at law and in equity, from denying, or asserting the contrary of, any material fact which, by his words or conduct, affirmative or negative, intentionally or through culpable negligence, he has induced another, who was excusably ignorant of the true facts and who had a right to rely upon such words or conduct, to believe and act upon them thereby, as a consequence reasonably to be anticipated, changing position in such a way that he would suffer injury if such denial or contrary assertion was allowed.

28 *Am.Jur.*2d, *Estoppel and Waiver*, § 27. Mere carelessness is not sufficient. *Id.* § 61. There is nothing in the record before the court to indicate that defendant Secretary's agents misled plaintiff intentionally or through culpable negligence. At most, mere carelessness was involved here. In addition, the true facts were readily available to plaintiff in the Air Force regulations. Thus, it appears her ignorance, if any, was not excusable. In fact, at the time of her discharge plaintiff could have requested a waiver of the requirement for discharge for pregnancy under AFR 36–12. Instead, she requested only a limited waiver postponing her discharge date for several months. This request was made pursuant to AFR 36–12, indicating that plaintiff must have been aware of the regulation.

After the institution of this suit, plaintiff filed an application for correction of her military record with the AFBCR. Since this matter is now properly before that body, this action is premature and must be dismissed.

In this case, as in *Carter v. Seamans*, 411 F.2d 767 (5th Cir. 1969), the complaint prays for monetary relief in excess of the jurisdictional amount which could be awarded by this court. For the reasons set forth in *Carter*, this court is of the opinion that, even if plaintiff had exhausted her administrative remedies, this case would have to be transferred to the Court of Claims in the absence of waiver by plaintiff of the amount of her claim in excess of $10,000. *McClendon v. Blount*, 452 F.2d 381, 383 (7th Cir. 1971). However, since the court finds this case must be dismissed for failure to exhaust administrative remedies, it is not necessary to consider the propriety of transfer or the other grounds for dismissal raised by defendants.

Order will be entered in accordance with the foregoing.