**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 41, AFL–CIO, et al., Plaintiffs,**

v.

**Joseph CALIFANO, Secretary, Department of Health, Education & Welfare, Defendant.**

No. 77–2145.

United States District Court,
District of Columbia,
Civil Division.

June 27, 1978.

L. M. Pellerzi & Peter B. Broida, Staff Counsel, American Federation of Government Employees, Washington, D. C., for plaintiffs.

Lawrence T. Bennett, Asst. U. S. Atty., U. S. District Court, Washington, D. C., for defendant.

## MEMORANDUM

JOHN H. PRATT, District Judge.

This matter comes before the Court on defendant's motion to dismiss on grounds of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(1), (6). Upon consideration of the motion and plaintiffs' opposition thereto, the Court has determined that the motion should be granted on the ground that plaintiffs have failed to exhaust administrative remedies available to them.

The action was filed in response to the asserted failure of the Social and Rehabilitative Service (SRS), an agency of the Department of Health, Education & Welfare, properly to implement an arbitration award handed down after contractual grievance and arbitration proceedings. The plaintiff union is the recognized exclusive bargaining representative for SRS non-management employees, one of whom is plaintiff Thomas Dennison. The arbitration proceeding in question centered on the selection process by which SRS filled two computer systems analyst positions which had been advertised by a "Merit Promotion Vacancy Announcement" May 29, 1973. The Announcement elicited applications from 15 individuals, of whom 10 ultimately received "highly qualified" or "best qualified" ratings from the SRS Qualification Review Board. Of these 10 applicants, four, including plaintiff Dennison, were from within SRS; two were from other parts of the Department; two were elsewhere in the federal government, and two were from outside industry. The two from outside industry were selected for the vacancies, allegedly in furtherance of a course of action by which SRS had been importing outside "consultants" and placing them in regular positions at high grade levels, effectively promoting them over the heads of permanent SRS employees.[1] The union's argument in arbitration, which the arbitrator accepted, was that the SRS Merit Promotion Plan, taken together with applicable provisions of the collective bargaining agreement governing relations between the union employees and SRS, precluded SRS from considering applicants from outside SRS once at least three "highly qualified" SRS employees had applied for each position. Inasmuch as four "highly qualified" SRS applicants were under consideration, selection of one applicant for one of the two vacancies would leave three such applicants for the remaining vacancy. On the strength of this showing, the arbitrator made the following award:

The Grievance is sustained.

The Agency will vacate the two positions of Computer Systems Analyst, GS–334–14, filled as a result of processing the Merit Promotion Vacancy Announcement No. 73–29, issued May 29, 1973. The Agency will then run the selection process again, limiting the Selecting Officer to two choices from among the . . . four highly qualified SRS employees whose names appeared on the Qualification Rating Board's Certificate of June 22, 1973:

. . . . .

The employees selected shall receive back pay—the difference between what they would have earned in the posted positions and what they actually earned in their present jobs—for the period between the date the posted jobs were originally filled to the date offers of appointment are made pursuant to this Award.

1. SRS conceded in arbitration that it had "preselected" the two outside applicants.

The Arbitrator will retain jurisdiction of this matter pending compliance.

The award, issued March 13, 1975, was appealed by SRS to the Federal Labor Relations Council pursuant to 5 C.F.R. § 2411.33. The Council referred several of the issues raised in the appeal to the Civil Service Commission. In April, 1976, the Council issued its Decision on Appeal from Arbitration Award, FLRC No. 75A–42 (Apr. 27, 1976), incorporating substantial portions of the Civil Service Commission response to the referral. The Council decision sustained the arbitration award on all counts, but indicated that the agency retained the right not to re-run the selection process and not to fill the two vacancies if it so decided. Decision on Appeal, FLRC No. 75A–42, at 4 n.3.

By letter dated August 6, 1976, the SRS Associate Administrator for Management notified the plaintiff union that the arbitration award had been implemented by vacating the two computer systems analyst positions and reassigning the incumbents "to positions with the same job title, but different duties" elsewhere in SRS. The letter stated also that "it is the agency decision not to refill the two (2) positions filled under Vacancy Announcement 73–29." The letter then examined the question "whether the erroneous promotion action invalidated the initial appointments of" the two outside consultants appointed to the vacancies, "thereby making them ineligible for reassignment to a subsequent position." Neither the arbitration decision nor the Council affirmance thereof addresses this point. The agency received assistance on the question from the Civil Service Commission, which, according to the agency letter, indicated that an "authorized appointment is presumed valid unless there is substantial evidence the appointment was made in violation of applicable laws, regulations, and Civil Service requirements." The agency letter continued by noting that "[t]he arbitrator's finding that the selection for the position was improper in terms of the negotiated [collective bargaining] agreement does not, by itself, constitute such evidence. As long as the appointments were other-

wise proper and as long as the reassignment met all applicable requirements, no reason was seen why the reassignments might not be continued."

This action, filed in December, 1977, seeks a declaration of the parties' rights; retroactive promotion of plaintiff Dennison "to a position to which he was entitled by the Arbitration Award" with back pay; attorney's fees and costs. Jurisdiction was invoked under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ; the civil service back pay recovery statute, *id.* § 5596, and several sections of Title 28, United States Code: section 1346 (actions against the United States); 1361 (mandamus against an officer of the United States); 1331 (federal question jurisdiction), and 2201–02 (declaratory judgments). The instant motion asserts that subject matter jurisdiction is absent.

█ The disposition of the action on exhaustion grounds obviates extended consideration of the jurisdictional issue. It should be noted that the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ; the back pay statute, *id.* § 5596, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201–02, are not jurisdictional in character. *Califano v. Sanders*, 430 U.S. 99, 106–07, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) (APA); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) (Declaratory Judgments Act). Moreover, section 1346, Title 28, United States Code, limits the jurisdiction of the district courts to actions for money damages.

Whether jurisdiction over this kind of action lies under section 1331, Title 28, is unsettled. A corollary issue is whether Executive Order 11491, which governs labor relations between the Executive Branch and its regular employees, is a "law" of the United States for purposes of section 1331. *Compare Local 2047, American Federation of Government Employees v. Defense General Supply Center*, 573 F.2d 184, 186 n.1 (4th Cir. 1978) (per curiam) (union's action to enforce contract right arises under laws of United States for purposes of section

1331) *with Local 1498, American Federation of Government Employees v. American Federation of Government Employees*, 522 F.2d 486, 491 (3d Cir. 1975) (E.O. 11491 not a "law" of the United States for purposes of section 1331 jurisdiction over union local's action against parent for misappropriation of funds). The District of Columbia Circuit has indicated that even if the Executive Order is not a law for purposes of section 1331, judicial review of action thereunder may be had under section 1361, Title 28, the mandamus statute, when the agency action complained of "clashes with basic constitutional safeguards." *National Association of Government Employees v. White*, 135 U.S.App.D.C. 290, 293, 418 F.2d 1126, 1129 (1969).

If plaintiffs have not exhausted applicable administrative remedies, however, the action may be dismissed without consideration of the jurisdictional issue. *See Weitzel v. Portney*, 548 F.2d 489, 493 (4th Cir. 1977); *National Association of Government Employees v. White, supra*, 135 U.S.App.D.C. at 294, 418 F.2d at 1130. Plaintiffs have not disputed the applicability in general of the requirement of exhaustion of administrative remedies; their position is that the Federal Labor Relations Council, the body to which the administrative remedy ultimately runs, has already indicated herein that SRS was not obliged to fill the two vacancies in question, and hence that pursuit of the administrative remedy in question would be futile.

Under section 6(a)(4), Executive Order 11491, the Assistant Secretary of Labor is to decide unfair labor practice charges as they are defined by section 19 of E.O. 11491. Prior Federal Labor Relations Council decisions indicate that charges of failure to comply with an arbitration award reached by grievance procedures pursuant to a collective bargaining agreement negotiated under E.O. 11491 are cognizable by the Assistant Secretary when the award, as here, has been sustained by the Council. *Defense Supply Agency and American Federation of Government Employees, Local 2047*, FLRC No. 75A–34, at 5–6 & n.4 (Oct. 22, 1976); *Department of the Army, Aber-*

*deen Proving Ground and International Association of Machinists & Aerospace Workers, Local Lodge 2414*, FLRC No. 74A–46, at 4–6, 8 (Mar. 20, 1975).

Plaintiffs argue that their complaint is "not that Defendant has refused to comply with the arbitration award; the Union's complaint concerns the manner of compliance, i. e., purposefully scuttling the award by refusing to fill the two vacant positions." This fact, according to plaintiffs, takes this matter out of the realm of failure to comply with an arbitration award: "Neither the Assistant Secretary nor the Council has ever created any remedy for an individual such as Dennison who alleges that an agency abused its discretion by declining to fill a vacancy that an arbitrator has ordered filled through proper competitive procedures." That the issue here may be novel does not remove it from the ambit of established appeal procedures, however. Section 13(d) of Executive Order 11491 is as follows:

(d) Questions that cannot be resolved by the parties as to whether or not a grievance is on a matter for which a statutory appeal procedure exists, shall be referred to the Assistant Secretary for decision. Other questions as to whether or not a grievance is on a matter subject to the grievance procedure in an existing agreement, or is subject to arbitration under that agreement, may by agreement of the parties be submitted to arbitration or may be referred to the Assistant Secretary for decision.

The clear import of section 13(d) is that the Assistant Secretary should make the preliminary determination whether a given matter of dispute falls within his decisional authority under sections 6(a)(4) and 19 of the Executive Order. It may be that no substantive remedy for grievances of this kind presently exists, but the agency has not yet been afforded the opportunity of so deciding.

Even if there were such a remedy available to plaintiffs, they would be entitled to bypass it if exhaustion would be futile.

Plaintiffs suggest that the Federal Labor Relations Council's statement in its opinion that SRS was not required to fill the vacancies indicates that if the issues herein were presented to the Council, the decision would be against plaintiffs. It is true, as plaintiffs suggest, that the ultimate administrative decision on this matter may lie with the Council, inasmuch as determinations of the Assistant Secretary under section 6 of E.O. 11491 are appealable to the Council, which will accept the appeal "where there are major policy issues present or where it appears that the decision was arbitrary and capricious." 5 C.F.R. § 2411.12; *see also id.* §§ 2411.11 *et seq.* Plaintiffs intimate that even if the Assistant Secretary's decision is not reviewed formally by the Council, the statement in the Council opinion herein to the effect that the agency has discretion not to fill the vacancies effectively precludes the Assistant Secretary from deciding that issue otherwise.

The flaw in plaintiffs' argument is that the Council's statement regarding agency discretion as to the vacancies does not resolve all issues raised by the complaint herein. What plaintiffs characterize as the central point of dispute—the "manner of compliance" with the arbitration award—has never been raised administratively. Plaintiffs' allegations that the SRS "scuttl[ed]" the award by refusing to fill the positions and reassigning the improperly selected incumbents to "substantially identical positions without affording to [plaintiff] Dennison opportunity to compete for the latter positions" raise the possibility that the two positions in question may not have been vacated, in the sense that the SRS may have simply reshuffled job descriptions in a sham gesture of compliance with the arbitration award while actually preserving the status quo. This scenario is implicit in plaintiffs' allegations, and no administrative decision has been made on whether the scenario occurred, and if it did occur, whether it lies within the agency's

power to orchestrate.[2] Moreover, even if the reassignment of the two incumbents proved to be *bona fide*, plaintiffs' allegation that Thomas Dennison was denied an opportunity to compete for the new positions injects into this action the question whether the impropriety in the selection process precludes SRS from assigning the two outsiders to other positions without affording plaintiff Dennison and other regular SRS employees the opportunity to compete for the new positions. The SRS letter of August 6, 1976 notifying the plaintiff union local of the steps taken in asserted compliance with the award sets forth the agency's position on this question. This position has never been tested in formal administrative proceedings.

■ Because these issues have not been addressed by either the Assistant Secretary of Labor or the Federal Labor Relations Council, plaintiffs' exhaustion of administrative remedies would not be a futile exercise. *See Montana Chapter of Association of Civilian Technicians, Inc. v. Young*, 514 F.2d 1165, 1167 (9th Cir. 1975). Exhaustion would facilitate the development of a factual record herein and might moot the controversy. *Parisi v. Davidson*, 405 U.S. 34, 37, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972).

For the foregoing reasons, the action will be dismissed for want of jurisdiction. An Order consistent with this disposition has been entered this day.

---

2. Consideration of these issues would also involve the fact that SRS was abolished June 19, 1977 with the positions in SRS never having been refilled.