Jacki L. FIELDS, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary, Health & Human Services, Defendant.

No. 80–0437–CV–W–5.

United States District Court,
W. D. Missouri, W. D.

Aug. 12, 1981.

On Motion to Dismiss Constitutional Damage Claim Aug. 25, 1981.

Elwyn Cady, Jr., Independence, Mo., for plaintiff.

Ronald S. Reed, Jr., U. S. Atty., Mark J. Zimmermann, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, District Judge.

This law suit concerns the dismissal of the plaintiff from her job as a "Claims Folder Clerk" with the Mid-America Program Center of the Social Security Administration in Kansas City, Missouri. She was dismissed from her job for her purported assault of a co-employee on property leased by the United States Government. The plaintiff appealed her dismissal to the United States Merit Systems Protection Board. A final decision, upholding her dismissal, was entered by the Merit Systems Protection Board and sent to the plaintiff on March 19, 1979. The plaintiff commenced this suit on May 2, 1980.

In a coarsely drafted complaint, the plaintiff alleges that her dismissal from the Social Security Administration job violated her constitutional right of self-defense. The complaint stated that jurisdiction in this Court is authorized under the Mandamus and Venue Act, 28 U.S.C. § 1361, and under the Civil Service Back Pay Recovery Act, 5 U.S.C. § 5596. In a subsequent pleading filed by the plaintiff which is styled as a "Memorandum Brief in Support of Contentions," the plaintiff additionally states that jurisdiction is authorized by *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). The defendant has moved to dismiss or for summary judgment on the alternative grounds that this Court lacks subject matter jurisdiction, that the plaintiff's claim is barred by the applicable statute of limitations, or that it is entitled to a judgment as a matter of law.

With respect to the plaintiff's contention that this Court is authorized to hear her claim under the Mandamus and Venue Act and under the Civil Service Back Pay Act, the Court finds that it lacks jurisdiction under both Acts. With regard to plaintiff's third assertion that jurisdiction is authorized by *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), this Court, in an attempt to do substantial justice, presumes that the plaintiff intends to ground jurisdiction of this federal question under 28 U.S.C. § 1331. Accordingly, this Court finds that it lacks jurisdiction to hear the plaintiff's claim under either 28 U.S.C. § 1361 or 5 U.S.C. § 5596; but finds that it does have jurisdiction under 28 U.S.C. § 1331 to determine whether any constitutional rights of the plaintiff have been violated.

I. Lack of Jurisdiction Under 28 U.S.C. § 1361.

The plaintiff initially stated that this Court was authorized to hear her claim under the Mandamus and Venue Act, 28 U.S.C. § 1361. Section 1361 provides that a District Court shall have jurisdiction of any

action in the nature of a mandamus to compel an officer or an employee of the United States to perform a constitutional or statutory duty owed to a plaintiff. The scope of Section 1361 has been limited to actions to compel the performance of "ministerial" duties that are compelled by law. *McClendon v. Blount*, 452 F.2d 381 (7th Cir. 1971); *Rural Electrification Administration v. Northern States Power Co.*, 373 F.2d 686 (8th Cir. 1967), *cert. denied*, 387 U.S. 945, 87 S.Ct. 2079, 18 L.Ed.2d 1332. This limitation is based on the traditional dichotomy in the mandamus context between ministerial and discretionary administrative functions, and reflects the policy that this Court should not interfere with an officer's valid exercise of delegated power. *See generally* Wright & Miller, Federal Practice & Procedure § 3655 (1976 & Supp.1981). Mandamus is an extraordinary remedy and is not a substitute for an appeal where the claim is reviewable by the Courts of Appeals. *Bruno v. Hamilton*, 521 F.2d 114, 117 (8th Cir. 1975). Therefore, a mandamus action under Section 1361 should not be utilized to influence an officer's valid exercise of discretion. *Rural Electrification Administration v. Northern States Power Co., supra*, at 694 n. 14.

■ The plaintiff has stated in her complaint that the duty of the defendant to reinstate her in her "Claims Folder Clerk" position is "ministerial." The Court finds, however, that the decision to dismiss plaintiff from her job with the Social Security Administration was a discretionary administrative function for which mandamus is an improper remedy. *McClendon v. Blount*, 452 F.2d 381 (7th Cir. 1971). In *McClendon*, a post office employee challenged his dismissal in an action filed in district court against the Postmaster General. The postal employee had appealed his dismissal to the Civil Service Commission, the precursor of the Merit Systems Protection Board. The Commission upheld the postal employee's dismissal and, by its final decision, exhausted the employee's administrative remedies. *McClendon, supra*, at 382. Thereafter, the postal employee commenced an action in the nature of a mandamus seeking reinstatement, back pay and seniority. The *McClendon* court held that the Section 1361 action is not a proper remedy where the plaintiff seeks a direct retraction of action already taken, citing *Rural Electrification Administration, supra*, at 695 n. 14, because the act of dismissal is discretionary rather than ministerial. *McClendon, supra*, at 383. The postal employee's mandamus action was dismissed for want of jurisdiction.

This Court considers the *McClendon* decision to be persuasive authority with regard to the case at bar. The decision by the Social Security Administration to dismiss the plaintiff was wholly a matter of discretion. It is because the decision to dismiss an employee is discretionary that the decision is subjected to an elaborate administrative review system. The plaintiff has improperly characterized her dismissal as a "ministerial" function of the Social Security Administration. Since mandamus under Section 1361 is an improper remedy when a discretionary duty is involved, the plaintiff's Section 1361 action is dismissed for want of jurisdiction.

II. Lack of Jurisdiction Under 5 U.S.C. § 5596.

■ The plaintiff secondly states that jurisdiction is proper under the Civil Service Back Pay Recovery Act, 5 U.S.C. § 5596. The Back Pay Recovery Law, of which Section 5596 is a part, provides for the waiver of sovereign immunity of the United States in suits that contest the amount of back pay due government employees. *Polos v. United States*, 556 F.2d 903, 905–906 n. 5 (8th Cir. 1977). Section 5596 does not provide an independent grant of subject matter jurisdiction. *American Federation of Government Employees v. Califano*, 453 F.Supp. 550, 552 (D.D.C.1978). This section, in pertinent part, entitles an employee to back pay that has been withheld unjustly. 5 U.S.C. § 5596(b)(1). The aggrieved employee must timely take appeals or seek appropriate administrative review in order to protect her rights under the Back Pay Act. 5 U.S.C. § 5596(b)(1).

A claimant is only entitled to relief under Section 5596, if it is found by the "appropriate authority under applicable law" that back pay has been withheld unjustly. 5 U.S.C. § 5596(b)(1). This Court is an inappropriate "authority" for making that determination. The Civil Service Reform Act, effective on January 11, 1979, provides for exclusive judicial review of the Merit System Protection Board's decision to uphold the plaintiff's dismissal in either the Court of Claims or Courts of Appeals. 5 U.S.C. § 7703(b)(1).

This Court, therefore, finds that it lacks subject matter jurisdiction to hear plaintiff's claim under Section 5596 because the Back Pay Act does not bestow an independent basis of jurisdiction on this Court. The plaintiff's section 5596 action is, therefore, dismissed for lack of jurisdiction.

III. Jurisdiction Under *Carlson v. Green*

█ The plaintiff's final assertion of jurisdiction appears to allege that jurisdiction to hear her constitutional claim is grounded directly in the Bill of Rights. In a subsequent pleading, she more specifically states that jurisdiction is proper under the holding in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). While neither the Bill of Rights nor the *Carlson* opinion establishes an independent basis of jurisdiction in this Court to hear the plaintiff's claim that her constitutional right of self-defense has been violated by the defendant, this Court, in an attempt to do substantial justice under Rule 8(f) of the Federal Rules of Civil Procedure, finds that the plaintiff has alleged a federal question and assumes jurisdiction to hear that question under 28 U.S.C. § 1331. *Jones v. Freeman*, 400 F.2d 383, 387 (8th Cir. 1968). The Court, therefore, has jurisdiction to hear the plaintiff's claim that her constitutional right of self-defense has been violated by the defendant. Accordingly, it is hereby

ORDERED that the defendant's motion to dismiss the plaintiff's 28 U.S.C. § 1361 and 5 U.S.C. § 5596 claims for lack of jurisdiction is granted. It is further

ORDERED that the defendant's motion to dismiss the plaintiff's 28 U.S.C. § 1331 claim is denied. It is further

ORDERED that a hearing on the validity of plaintiff's claim to a constitutional right of self-defense be commenced at 2:00 p. m. on Friday, August 14, 1981, in this Court.

On Motion To Dismiss Constitutional Damage Claim

MEMORANDUM AND ORDER

In an action pending before this Court, the plaintiff has alleged that her Constitutional right to self-defense was violated by the Social Security Administration when it dismissed her from her job with the Mid-America Program Center. The plaintiff alleges that a cause of action for damages may be inferred generally under the Bill of Rights, and specifically under the Second and Eighth Amendments, and that she is entitled to sue on that cause of action under the doctrines enunciated by the Supreme Court in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). The defendant has moved to dismiss Ms. Fields' Constitutional damage claim. This Court finds that it would be unwise to infer a cause of action for damages directly under the Bill of Rights in general, or under the Second and Eighth Amendments in particular; therefore, the Court grants the defendant's motion to dismiss for failure to state a cause of action on which relief might be granted by the district court.

The Supreme Court has inferred causes of action for damages from the Fourth, Fifth and Eighth Amendments. *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Supreme Court held that a plaintiff may recover damages from a federal officer who has violated the plaintiff's Fourth Amendment rights. The Court reasoned that monetary relief was appropriate for a Fourth Amendment violation if there were neither any special factors counseling hesitation in awarding the relief nor any explicit congressional declara-

tion that persons injured through an invasion of their Fourth Amendment interest may not sue directly under the Amendment but must instead be permitted to pursue another remedy that is equally effective in the view of Congress. *Bivens, supra,* at 395–97, 91 S.Ct. at 2004–2005.

In *Passman,* the Court held that the equal protection component of the Fifth Amendment due process clause impliedly authorized monetary relief from a Congressman who was sued for sex discrimination in his employment decisions. The collective decision of Congress to exempt itself from the federal sex discrimination laws was not considered a clear expression of intent to foreclose alternative remedies for sex discrimination. *Passman, supra,* 442 U.S. at 247, 99 S.Ct. at 2278. The Court, therefore, concluded that no special factors counseled hesitation, since no other alternative forms of judicial relief were available to the plaintiff.

In *Carlson,* the Court held that the Eighth Amendment's proscription against cruel and unusual punishment authorized monetary relief from federal prison officers who allegedly failed to give proper medical attention to an imprisoned person. The *Bivens*-type remedy was made available even though the complainant's allegations could also support a claim against the United States under the Federal Tort Claims Act. *Carlson, supra,* 442 U.S. at 20, 100 S.Ct. at 1472. The Court found that no special factors counseling hesitation in the absence of affirmative action by Congress were present, since the prison officers did not enjoy a sufficiently independent status in the constitutional scheme to suggest that judicially created remedies against the officers might be inappropriate. In addition, the Court found no explicit congressional declaration that imprisoned persons, injured by prison officers, may not recover damages from the officers. *Id.* Thus, the factor of whether Congress has provided an effective alternative to a proposed constitutionally based damage remedy figured prominently in the Court's application of *Bivens.*

With respect to Ms. Fields, she is entitled, as a federal employee in the competitive service, to challenge her dismissal on the ground that it was not justified by sufficient cause. *Arnett v. Kennedy,* 416 U.S. 134, 140–146, 94 S.Ct. 1633, 1637–40, 40 L.Ed.2d 15 (1974). The plaintiff did appeal her dismissal to the Merit Systems Protection Board. If she was dismissed in violation of her purported constitutional right to self-defense, she may further appeal the Board's determination to the Court of Claims or to the Courts of Appeals. 5 U.S.C. § 7703(b)(1). Since the damages purportedly sustained by the plaintiff could have been recovered by resort to the Civil Service remedies created by Congress, it is this Court's view that the existence of these remedies obviates the need to infer a *Bivens*-type compensatory remedy from the Constitution. This view is consistent with the holdings of the Supreme Court in *Bivens, Passman* and *Carlson. See, Bishop v. Tice,* 622 F.2d 349, 357 n. 16 (8th Cir. 1980).

As the Eighth Circuit has recognized in *Bishop,* a *Bivens*-type remedy for wrongfully dismissed federal employees is unnecessary and at odds with the present Civil Service discharge appeal procedures. Dismissed employees, if granted a *Bivens*-type remedy, would be encouraged to circumvent Civil Service procedures in order to gain direct judicial relief. *Bishop, supra,* at 357. The *Carlson* decision, noted in *Bishop, supra* at n.16, is consistent with this Court's decision here, since the Supreme Court, in *Carlson,* found that Congress clearly intended *Bivens* and the Federal Tort Claims action to be parallel. *Carlson, supra,* 442 U.S. at 20, and 100 S.Ct. at 1472. There is no similar clear Congressional intent to provide for parallel remedies where a federal employee has allegedly been dismissed wrongfully. Thus, it remains that a *Bivens*-type remedy, if a Constitutional right to self-defense does exist, would induce the circumvention of an administrative scheme that Congress has designed to adjudicate claims of dismissed federal employees.

The existence of Civil Service remedies constitute a special factor counseling hesitation in the creation of a Constitutionally

based remedy for wrongful dismissal and manifests an explicit Congressional declaration that persons wrongfully dismissed in violation of their Constitutional rights must be remitted to the remedial procedures provided by the Civil Service system. Therefore, this Court concludes that it would be improper to infer a cause of action directly from the Bill of Rights where a federal employee has purportedly been discharged wrongfully.

Even if the circumstances of this case are proper for a *Bivens*-type cause of action for damages, the plaintiff has, nonetheless, sued the wrong party. The plaintiff has not alleged any direct and personal responsibility of the named defendant for the purportedly unlawful conduct of the co-employee with whom the plaintiff encountered. Courts have been careful to couple the expansion in the liability of executive officers with new and necessary safeguards. *See Black v. United States*, 534 F.2d 524 (2d Cir. 1976). In accordance with the sound policy of limiting vexatious litigation and minimizing interference with the orderly workings of government, this Court will require, in *Bivens*-type suits against federal executive officials, that the plaintiff allege the official's direct and personal responsibility for the purportedly unlawful conduct of her subordinates. *Black, supra*, at 527–28.

Accordingly, it is hereby

ORDERED that this case be dismissed for failure to state a claim on which relief might be granted or, in the alternative, for lack of jurisdiction to entertain the plaintiff's claim for money damages against the named defendant.