**Jacki L. FIELDS, Appellant,**

v.

**Patricia HARRIS, Secretary of Health and Human Services, Appellee.**

**No. 81–2416.**

United States Court of Appeals, Eighth Circuit.

Submitted April 7, 1982.

Decided April 14, 1982.

Elwyn L. Cady, Jr., Independence, Mo., for appellant, in forma pauperis.

Robert G. Ulrich, U. S. Atty., Mark J. Zimmermann, Asst. U. S. Atty., Robert Van Norman, Asst. Regional Atty., Dept. of Health and Human Services, Kansas City, Mo., for appellee.

Before HEANEY, ROSS, and ARNOLD, Circuit Judges.

PER CURIAM.

Plaintiff, Jacki Fields, appeals the District Court's[1] dismissal of her claim of wrongful termination from federal employment. The District Court held that plaintiff's remedy was to petition either the Court of Claims or a court of appeals to review the administrative decision to dismiss her, instead of bringing an original action based directly on the federal Constitution. *Fields v. Harris*, 522 F.Supp. 901 (W.D.Mo.1981). We affirm.

Ms. Fields worked as a Claims Folder Clerk for the Mid-America Program Center of the Social Security Administration in Kansas City, Missouri. On October 16, 1978, the agency fired her for allegedly taking a knife onto federally leased property and assaulting a co-employee. She appealed to the United States Civil Service Commission, now the Merit Systems Protection Board (MSPB), and presented a self-de-

---

2. A witness had earlier told an FBI agent that Weis demanded $5,000 cash, with an additional $4,000 to be paid at a later date.

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

fense theory throughout the proceedings. On March 19, 1979, the MSPB appeals officer rejected her argument and affirmed the discharge. The appeals officer found as a fact, on conflicting testimony, that Ms. Fields's conduct "was more than an act of reasonable self-defense .... It was an act of violence which was completely unwarranted ...."

The Civil Service Reform Act of 1978 gives the Court of Claims and the courts of appeals exclusive jurisdiction to review MSPB decisions, 5 U.S.C. § 7703(b)(1). The party aggrieved must file for review "within 30 days after the date the petitioner received notice of the final order or decision of the Board." *Id.* Ms. Fields was dismissed from work on October 16, 1978. A final decision upholding her dismissal was entered by the MSPB and sent to Ms. Fields on March 19, 1979. She could have appealed directly to this Court at any time before · April 19, 1979. Instead she commenced a suit in the District Court, the wrong forum, on May 2, 1980, more than a year too late.

In an effort to circumvent the statutory time bar and establish jurisdiction, Ms. Fields contends that there is a Second, Fifth, and Eighth Amendment right to self-defense and that her rights were violated when she was dismissed. Her argument is without merit. Self-defense is an important common-law principle, but not a substantive right conferred directly by the federal Constitution. So long as a forum has been provided in which the issue of self-defense can be raised and fully heard, petitioner has received all the process that is due.

For the reasons set forth by the District Court, we reject Ms. Fields's other arguments.

Affirmed.