Ann C. MANEY, Plaintiff,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. 86–0260.

United States District Court, District of Columbia.

June 30, 1986.

William A. Dobrovir, Dobrovir & Gebhardt, Washington, D.C., for plaintiff.

Edith S. Marshall, Asst. U.S. Atty., Linda Ruiz, Business & Administrative Law Div., Dept. of Health and Human Services, Washington, D.C., for defendant.

## OPINION

JUNE L. GREEN, District Judge.

Plaintiff filed this action seeking an award of attorney fees and expenses incurred in pursuing an agency grievance procedure, pursuant to the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(ii) (1980). Both parties moved for summary judgment and oral argument was presented to the Court on June 20, 1986. The Court granted plaintiff's motion for summary judgment at the conclusion of the hearing. This opinion is submitted to memorialize the Court's reasoning.

### Background

Plaintiff, Ann C. Maney, is a "GM–15" (Merit Pay System) employee of the National Institute of Mental Health ("NIMH"), Department of Health and Hu-

man Services ("HHS"). Defendant, HHS, is an executive agency and an "appropriate authority" within the meaning of the Back Pay Act, 5 U.S.C. § 5596, and the applicable regulation, 5 C.F.R. § 550.803.

On October 8, 1984, plaintiff received her annual rating under the Merit Pay System for the fiscal year ending September 30, 1984. She was rated at level 2 (on a scale from 0 to 4, with 4 being the highest) for one of four performance objectives. This resulted in plaintiff's receiving a total score of 285 out of a possible 400 points and an overall rating of "Satisfactory." This rating meant that plaintiff would not receive a merit pay bonus nor would she qualify for certain other future pay increases.

Plaintiff felt that the performance evaluation reflected inaccurately the quality of her work. Thus, plaintiff filed a timely grievance pursuant to agency procedures. Plaintiff sought to have her ratings for objectives 3 and 4 raised and to have her overall rating raised from "Satisfactory" to "Outstanding." In the first two stages of the grievance, defendant denied plaintiff the relief she sought. At stage three, on August 26, 1985, the Grievance Examiner recommended that plaintiff's rating for objective 3 be raised to "level 3" or "perhaps the lower portion of level 4," and that the rating of level 3 for objective 4 be retained.

On October 15, 1985, defendant accepted the Grievance Examiner's recommendation by raising plaintiff's rating for objective 3 to level 3, increasing her overall score from 285 to 310, and changing her overall rating to "Above Average." The elevation of plaintiff's overall rating resulted in upward adjustments in her October 1984 Merit Increase, her January 1985 pay raise, and a performance bonus equal to that which she would have received in May of 1985 had she been rated "Above Average" the previous October.

On November 18, 1985, plaintiff requested from defendant payment of attorney fees and costs incurred in pursuing the grievance. The amount claimed was $1,442.17. Defendant denied this request on January 3, 1986. The parties do not dispute the material facts.

## Discussion

### A. *Plaintiff Is Entitled to Relief Under the Back Pay Act*

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. As the Court will demonstrate, *infra* at 4–7, plaintiff has satisfied the requisite elements under the Back Pay Act.

Title 5, United States Code, section 5596 of the Back Pay Act provides in relevant part:

(b)(1) An employee of an agency who, on the basis of a timely appeal or an administrative determination ... is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—

(A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—

\* \* \* \* \* \*

(ii) reasonable attorney fees related to the personnel action ... shall be awarded in accordance with standards established under section 7701(g) of this title....

To be entitled to relief under the Back Pay Act, an employee must show that (1) he has suffered an unjustified or unwarranted personnel action as determined by an appropriate authority, and (2) the action resulted in a withdrawal or reduction of all or part of the employee's pay, allowances or differentials. *Donovan v. United States*, 580 F.2d 1203, 1207 (3d Cir.1978); *see also* 5 C.F.R. §§ 550.803, 550.804 (1986).

Plaintiff satisfies the requirements to be entitled to attorney fees. She filed a timely grievance seeking review of her performance rating. HHS is an "appropriate authority" under the Back Pay Act and

regulations, as "an entity having authority in the case at hand to correct or direct the correction of an unjustified or unwarranted personnel action." 5 C.F.R. § 550.803.

In his Report and Recommendation, the Grievance Examiner recounted the personality conflict between plaintiff and her supervisor, Mary Lystad. The Grievance Examiner also reviewed a selected number of other performance evaluations completed by Ms. Lystad in order to ascertain her consistency in applying performance standards to some of plaintiff's colleagues. He concluded that "while it is true that the rating assigned [plaintiff] must be judged on its own merit, the fact remains that there were a number of activities performed by [plaintiff] which were not acknowledged on the actual evaluation rating form, while similar kinds of activities were placed on the forms of some other individuals rated by the same Supervisor." Report and Recommendation of Grievance Examiner at 9 (August 26, 1985).

Defendant argues that the Grievance Examiner made no findings that any law had been violated and found no substantive or procedural defects in the supervisor's decision. Thus, defendant concludes, plaintiff has failed to state a cause of action for which relief under the Back Pay Act may be granted. The Court finds unpersuasive defendant's narrow reading of the Back Pay Act and 5 C.F.R. § 550.803.

The Grievance Examiner's recommendation that plaintiff receive a higher performance rating was made with the implicit recognition that the personality conflict between plaintiff and her supervisor interfered with the supervisor's duty to evaluate plaintiff impartially. 5 U.S.C. § 2302 (1978). Shervert H. Frazier, M.D., Director of NIMH, subsequently accepted the Grievance Examiner's recommendation. Memorandum from Director, NIMH, to Ann C. Maney, October 15, 1985. Given the broad remedial purpose of the Back Pay Act, the Court has no trouble in concluding that plaintiff was, indeed, "affected by an unjustified or unwarranted personnel action." 5 U.S.C. § 5596(b)(1); *see Bush v. Lucas,*

462 U.S. 367, 385 n. 25, 103 S.Ct. 2404, 2415 n. 25 (1983); *United States v. Testan,* 424 U.S. 392, 405–06, 96 S.Ct. 948, 956–57, 47 L.Ed.2d 114 (1976) (and citations therein).

Defendant further argues that plaintiff did not suffer a withdrawal or reduction in pay due to her initial rating of "Satisfactory." Indeed, defendant contends, under the merit pay scheme, there is no automatic entitlement to progress through the pay range or receive bonuses. 5 U.S.C. §§ 5401–5410 (1985); 5 C.F.R. Part 540 (1985); *see also Wells v. Federal Aviation Administration,* 755 F.2d 804, 808 (11th Cir.1985) (To be eligible for relief under the Back Pay Act, pay must be otherwise due an employee).

Defendant's own actions have rendered these arguments inapposite. Upon receipt of the Grievance Examiner's Report and Recommendation, the Director of NIMH proceeded to adjust retroactively plaintiff's "October 1984 Merit Increase, an adjustment in [her] January 1985 pay raise, and a performance bonus equal to that which [she] would have received in May of [1985] had [she] been rated 'Above Average' in October." Memorandum from Director, NIMH, to Ann C. Maney, October 15, 1985. The Court need not engage in semantic gymnastics to conclude that what plaintiff received was back pay. Defendant's "unjustified or unwarranted personnel action" did, in fact, "result in the withdrawal or reduction" of plaintiff's compensation as the NIMH Director's action demonstrated plainly. 5 U.S.C. § 5596(b)(1).

**B.** *The Section 7701(g) Standards*

 Having established plaintiff's eligibility under the Back Pay Act, the Court now considers the question of entitlement, *i.e.,* does the case meet the standards of 5 U.S.C. § 7701(g) of the Civil Service Reform Act? 5 U.S.C. § 5596(b)(1)(A)(ii). The Merit Systems Protection Board has established three criteria for award of fees under 5 U.S.C. § 7701(g)(1):

(1) appellant must be the prevailing party;

(2) the award must be "warranted in the interest of justice;" and

(3) the fees must be reasonable.

*Allen v. U.S. Postal Service,* 2 MSPB 582, 586, 2 M.S.P.R. 420, 427 (1980). In *Sterner v. United States Army ("Sterner"),* 711 F.2d 1563, 1566 (Fed.Cir.1983), the court adopted the first two criteria and held that the third was a subsidiary issue.

### 1. *Plaintiff Is a Prevailing Party*

In defining the meaning of prevailing party, the *Sterner* court explained "that a party need not have completely prevailed on every issue, but only have substantially prevailed or have prevailed on a significant portion of his claims." *Sterner,* 711 F.2d at 1566–67. Plaintiff sought to have her performance rating raised from "Satisfactory" to "Outstanding." She received an upgraded rating of "Above Average" which was sufficient to entitle her to back pay. Plaintiff obtained a significant part of the relief she sought in filing her grievance. She qualifies as the prevailing party.

### 2. *An Award to Plaintiff Is in the "Interest of Justice"*

The "interest of justice" guideline for awarding attorney fees is met here, however it is defined. Indeed, the mere contemplation of such a noble, sweeping concept as the "interest of justice" engenders images of trumpeting angels heralding the entrance of the blindfolded Themis, scales at the ready. Or as Clarence Darrow opined cynically, "[L]itigants and their lawyers are supposed to want justice, but in reality there is no such thing as justice either in or out of court. In fact, the word cannot be defined." Alas, it is safe to say the Court takes a position somewhere in-between.

As a general principle, people ought to be judged impartially. The Grievance Examiner indicated that plaintiff's supervisor's evaluation of plaintiff appeared to have been biased improperly due to the personality differences between the two women. That plaintiff should be reimbursed for the expense of pursuing her grievance in these circumstances is surely

in the "interest of justice." *See, e.g., Sterner,* 711 F.2d at 1569–70; 5 U.S.C. § 2302.

### 3. *The Fees Requested Are Reasonable*

Plaintiff's request for an award of fees and expenses amounts to $1,422.17. Plaintiff's attorney submitted all the necessary information to the Director of NIMH regarding his fee arrangement with plaintiff, his customary billing rate for similar work, and his educational and legal experience. November 18, 1985, Letter from Joseph D. Gebhardt to Dr. Shervert H. Frazier. This record meets the specific requirements of *Mitchell v. Dept. of Health and Human Services,* 84 FMSR 7005 (Jan. 25, 1984), and *Gerlach v. Federal Trade Commission,* 84 FMSR 7015 (Mar. 19, 1984).

The Court finds plaintiff's request eminently reasonable and awards the sum requested. Further, plaintiff is entitled to her attorney fees and expenses incurred in prosecuting this action. *Environmental Defense Fund v. Environmental Protection Agency,* 672 F.2d 42, 62 (D.C.Cir. 1982); 28 U.S.C. §§ 2201, 2202 (1981). In this regard, the Court repeats the Supreme Court's admonishment that "[a] request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).