**Opal Renee GILBERT, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant.**

Civil Action No. 93–0143 (RMU).

United States District Court, District of Columbia.

Jan. 3, 1997.

· Gregory O'Duden, General Counsel, Elaine Kaplan, Deputy General Counsel, Barbara A. Atkin, Associate General Counsel for Appellate Litigation, National Treasury Employees Union, Washington, DC, for Plaintiff.

Roderick J. Thomas, Assistant U.S. Attorney, Washington, DC, for Defendant.

## MEMORANDUM ORDER

URBINA, District Judge.

**Adopting in Part and Modifying in Part Magistrate Judge Patrick J. Attridge's Report and Recommendation and Denying Plaintiff's Motion For Attorney's Fees and Prejudgment Interest**

### I. Introduction

This matter comes before the court upon plaintiff's motion for a *de novo* review of the issues addressed by Magistrate Judge Patrick J. Attridge in his *Report and Recommendation* issued October 31, 1995. Following the parties' settlement of plaintiff's

severance pay claim, this court referred to Magistrate Judge Attridge plaintiff's motion for an award of prejudgment interest and attorney's fees. The *Report and Recommendation* recommends that the plaintiff's motion be denied. The principal issue before the Magistrate Judge and now before this court is whether plaintiff, who entered into a settlement agreement for severance pay in an action pursuant to 5 U.S.C. § 5595, the Severance Pay Act, based on her involuntary separation from her employment, is entitled to an award of prejudgment interest and attorney's fees under 5 U.S.C. § 5596, the Back Pay Act.

After careful consideration of the *Report and Recommendation*, the parties' submissions and the relevant law, the court concludes that the plaintiff is not entitled to the relief she seeks because she has failed to meet the Act's requirements. Specifically, plaintiff has not shown that "an appropriate authority" has found that she underwent an unjustified or unwarranted personnel action that resulted in the withdrawal or reduction in her pay, allowances, or differentials.

## II. Background

Opal Gilbert, a former Federal Deposit Insurance Corporation (FDIC) employee, brought an action for severance pay pursuant to 5 U.S.C. § 5595, the Severance Pay Act, due to her alleged "involuntary separation" from her employment. On June 8, 1988, she received a reduction-in-force (RIF) notice from the FDIC after she refused to transfer from New York to South Brunswick, New Jersey.[1] Following an administrative appeal, she was reinstated by the FDIC and directed to report to the South Brunswick Consolidated Field Office, a location outside her commuting distance. Ms. Gilbert subsequently involuntarily resigned her employment with the FDIC.

On January 22, 1993, Ms. Gilbert filed this lawsuit, pursuant to the Severance Pay Act, seeking severance pay based on her involun-

tary separation. A month before trial, the parties agreed upon a settlement which provided for severance pay in the sum of $14,-722.34. The agreement further provided that the court retain jurisdiction in the event that the parties could not arrive at an agreement on the issues of prejudgment interest and attorney's fees. No agreement was reached. The court referred the matter to Magistrate Judge Patrick J. Attridge.

On October 31, 1995, Magistrate Judge Attridge issued a *Report and Recommendation* concluding that Ms. Gilbert was not entitled to relief under the Back Pay Act. In order to obtain relief under the Back Pay Act, a plaintiff must establish that: (1) she has "undergone an unjustified or unwarranted personnel action," and (2) that the action, "resulted in the withdrawal or reduction of all or a part of [her] pay, allowances, or differentials." *Donovan v. United States*, 580 F.2d 1203, 1207 (3rd Cir.1978). Magistrate Judge Attridge concluded that plaintiff did not meet these prerequisites. Magistrate Judge Attridge also concluded that Ms. Gilbert was not entitled to an award of attorney's fees "in the interest of justice," under section 7701(g) of the Civil Service Reform Act. 5 U.S.C. § 5596(b)(1)(A)(ii). As a result, he recommends that Ms. Gilbert's motion for prejudgment interest and attorney's fees be denied in its entirety.

In addition, Magistrate Judge Attridge stated that even if Ms. Gilbert could meet the two-prong test of the Back Pay Act, the prejudgment interest award she seeks could not be exacted against the FDIC without a waiver of sovereign immunity. *Kingston Constructors, Inc. v. WMATA*, 860 F.Supp. 886, 888 (D.D.C.1994). He concluded that the plaintiff failed to establish that such a waiver existed.

Finally, Magistrate Judge Attridge concluded that the plaintiff did not have an actionable claim for attorney's fees under the

---

1. Government employees who are selected for release are entitled to a specific written notice at least 60 days before the effective date of release. 5 C.F.R. § 351.801(a)(1). There are two types of RIF notifications: general and specific. A general notice informs the employee that she will be separated from her position and either reas-

signed, demoted or separated from service. *Bell v. U.S.*, 23 Cl.Ct. 73, 75 (1991). A specific notice advises the employee of the personnel action to be taken in their individual case. *Id.* Ms. Gilbert received a specific RIF notice detailing her reassignment.

Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1) (EAJA). A party seeking an award of fees must submit an application to the court "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The EAJA defines "final judgment" as: "[A] judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G). On February 6, 1995, the parties settled Ms. Gilbert's severance pay claim. Magistrate Judge Attridge concluded that any claim for attorney's fees by Ms. Gilbert under the EAJA is now time barred.

Ms. Gilbert now moves, pursuant to Local Rule 504(b), for a *de novo* review, by this court, of Magistrate Judge Attridge's conclusions.

### III. Discussion[2]

#### A. Severance Pay Act

The Severance Pay Act provides for an award of severance pay to be paid in regular pay periods by the agency from which an employee is separated. 5 U.S.C. § 5596(b). To qualify for severance pay, the employee must show that she:

(1) has been employed currently for a continuous period of at least 12 months; and

(2) [was] involuntarily separated from the service, not by removal for cause on charges of misconduct, delinquency, or inefficiency.

5 U.S.C. § 5595(b)(1) and (2).

The Act also provides for a limit on the amount of severance pay that may be awarded. "Total severance pay under this section may not exceed 1 year's pay at the rate received immediately before separation." 5 U.S.C. § 5595(c). The settlement entered into between the parties as to the award of severance pay was for the full amount that the plaintiff was seeking. Notably absent in the Severance Pay Act is any provision for an award of prejudgment interest and/or attorney's fees. As a result, Ms. Gilbert relies upon the Back Pay Act in an effort to obtain an award of attorney's fees and prejudgment interest.

#### B. The Back Pay Act

■ The Back Pay Act does not create an alternative · cause of action, rather it is an auxiliary measure that only operates at the relief stage. *Brown v. Secretary of the Army,* 918 F.2d 214, 217 (D.C.Cir.1990); *see also Fields v. Harris,* 522 F.Supp. 901 (W.D.Mo.1981), *aff'd,* 675 F.2d 219, *cert. denied,* 459 U.S. 869, 103 S.Ct. 153, 74 L.Ed.2d 128 (1982) (holding that the Act did not bestow an independent basis of jurisdiction upon the district court); *American Federation of Government Emp., Local 41, AFL–CIO v. Califano,* 453 F.Supp. 550 (D.D.C.1978) (the Act is not jurisdictional in character). The purpose of the Act is to make an employee affected by an unjustified personnel action financially whole. *See* S.Rep. No. 1062, 89th Cong., 2d Sess. 2 (1966), U.S.Code Cong. & Admin.News 2097. The Act, provides, in pertinent part:

> (b)(1) An employee of an agency who, on the basis of a timely appeal or an administrative determination ... is found by an appropriate authority under applicable law ... to have been affected by an *unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—*
>
>> (A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—
>>
>>> (i) an amount equal to all or any part of the pay, allowances, or differentials,

---

**2.** The plaintiff brought her original claim solely under 5 U.S.C. § 5595, the Severance Pay Act. The FDIC moved to dismiss on the grounds that this court lacked subject matter jurisdiction. This court denied the motion concluding that where a party seeks severance pay based solely on involuntary separation, and not involving misconduct, a United States District Court has subject matter jurisdiction under the Severance Pay Act. *Gilbert v. FDIC,* No. 17, 27, 37, slip op. at 4–5 (D.D.C. Oct. 13, 1994). This court also noted that under *Bell v. U.S.,* 23 Cl.Ct. 73 (1991), the Severance Pay Act, unlike the Back Pay Act, contains no provision requiring a predicate determination of improper adverse personnel action by an independent body as a prerequisite to an action for severance pay. *Gilbert v. FDIC,* No. 17, 27, 37, slip op. at 5 (D.D.C. Oct. 13, 1994).

as applicable which the employee normally would have earned or received . . .

(ii) reasonable attorney fees related to the personnel action which, with respect to any decision relating to an unfair labor practice or a grievance processed under a procedure negotiated in accordance with chapter 71 of this title, or under chapter 11 of title 1 of the Foreign Service Act of 1980, *shall be awarded in accordance with standards established under section 7701(g) of this title* . . .

5 U.S.C. § 5596(b)(1)(A)(i) and (ii) (emphasis supplied).

In order to be eligible for relief under the Back Pay Act, Ms. Gilbert must therefore establish: (1) that she has undergone an unjustified or unwarranted personnel action; and (2) that the action resulted in the withdrawal or reduction in all or part of her pay, allowances, or differentials. 5 U.S.C. § 5596(b)(1).[3]

Preliminarily, the court notes that the Back Pay Act clearly requires that an employee be found by an "appropriate authority" to have undergone an unwarranted or unjustified personnel action. 5 U.S.C. § 5596(b)(1); *United States v. Fausto*, 484 U.S. 439, 454; 108 S.Ct. 668, 677, 98 L.Ed.2d 830 (1988); *see also Roepsch v. Bentsen*, 846 F.Supp. 1363, 1370 (E.D.Wis.1994) (recovery under the Act is predicated upon a finding that there has been an "unjustified or unwarranted personnel action.") (internal citations omitted). In *Fausto*, the Supreme Court applied the pertinent regulations promulgated by the Civil Service Reform Act of 1978 (CSRA), and found that such an appropriate authority includes: "the agency itself, or the MSPB (Merit System Protection Board) or

the Federal Circuit where those entities have the authority to review the agency's determination." *Id.* In this case, an independent determination has not been made by *any* authority (including this court) that Ms. Gilbert suffered an unwarranted or unjustified personnel action.[4]

■ In addition, Ms. Gilbert has nevertheless failed to satisfy either prong of the threshold test. The first prong of the test requires that Ms. Gilbert show that she has undergone an unwarranted or unjustified personnel action. *Donovan v. United States*, 580 F.2d 1203, 1206 (3rd Cir.1978). Ms. Gilbert asserts that the original denial of severance pay, which has now been settled in full, qualifies as the "unwarranted and unjustified personnel action" under the Back Pay Act. This argument, however, fails.

In *Bell v. United States*, 23 Cl.Ct. 73 (1991), the Court of Claims, faced with facts similar to the instant case, granted relief to the plaintiffs under the Severance Pay Act, but refused to grant them relief under the Back Pay Act. *Id.* at 77, 80. In *Bell*, three former federal employees claimed entitlement to severance pay under the Severance Pay Act, following their resignation from employment with the Federal Aviation Administration (FAA). *Id.* at 75. The plaintiffs in *Bell* received general reduction-in-force (RIF) notices informing them that they would be separated from their positions and either reassigned, demoted, or separated from service. *Id.* In response to the general RIF notice, the plaintiffs resigned. *Id.* Likewise, upon learning of her relocation assignment, Ms. Gilbert resigned from her employment. For purposes of the Severance Pay Act, the plaintiffs in *Bell* were deemed "involuntarily separated" and were awarded severance pay. The court made clear that

---

**3.** Once a plaintiff establishes her eligibility under the Act, the court's inquiry proceeds to the question of whether she is entitled to relief. That is, the court must then determine if plaintiff meets the standards of 5 U.S.C. § 7701(g) of the Civil Service Reform Act. 5 U.S.C. § 5596(b)(1)(A)(ii); *see also Maney v. Dept. of Health and Human Services*, 637 F.Supp. 1128, 1131 (D.D.C.1986). The court notes that plaintiff neglected to brief this issue before the Magistrate Judge.

**4.** In *United States v. Fausto*, the Supreme Court noted that the Federal Circuit had already found Fausto's suspension to be *wrongful.* 484 U.S. at 443, 108 S.Ct. at 671 (emphasis supplied). In this case, there has been no analogous finding. Ms. Gilbert received a relocation assignment which she refused to accept. While this qualifies under the Severance Pay Act as an "involuntary separation," entitling her to severance pay, nothing in that statute characterizes the reassignment as wrongful, unwarranted or unjustified.

while plaintiffs were entitled to severance pay, they did not qualify for additional relief under the Back Pay Act. *Id.* at 76–77. "We are not called upon to correct an unjustified or unwarranted personnel action[.] Plaintiffs claims are analogous to ones for unpaid salary for time actually worked." *Id.* at 77. In *Bell,* the denial of severance pay *in and of itself* did not constitute an "unwarranted or unjustified personnel action," as Ms. Gilbert would have this court conclude. Moreover, the *Bell* court held that, "[m]ere failure by a government agency to pay money due is not the kind of adverse personnel action contemplated in the Back Pay Act." *Id.* Consequently, Ms. Gilbert's contention that the original denial of severance pay in and of itself constitutes an unwarranted or unjustified personnel action cannot be credited by the court.

 The second prong of the Back Pay Act requires that Ms. Gilbert demonstrate that she suffered a "withdrawal or reduction of all or part of [her] pay, allowances, or differentials." *Donovan,* 580 F.2d at 1207; *see also United States v. Testan,* 424 U.S. 392, 407, 96 S.Ct. 948, 957, 47 L.Ed.2d 114 (1976) (holding that the Back Pay Act was "intended to grant a monetary cause of action only to those who were subjected to a reduction in their duly appointed emoluments or position"). Presently, Ms. Gilbert has not asserted that had she accepted the reassignment she would have been subject to a reduction in pay or would have stood to lose any other benefits. Moreover, in a case originally brought before the Merit System Protections Board, the Comptroller General considered whether a plaintiff may seek an award of attorney's fees for a personnel action that has not resulted in a withdrawal or reduction of all or part of the pay allowances, or differentials of the employee, such as in the case of a geographic lateral reassignment. 59 Op. Comp.Gen. 108, 109 (1979). The Comptroller General concluded that a geographic lateral reassignment does not necessarily result in a reduction of pay allowances or differentials. *Id.* As such, the Comptroller General found such action to be outside the purview of the Back Pay Act. *Id.* This court agrees that a geographic reassignment, without more, does not constitute a withdrawal or reduction of

all or part of pay, allowances or differentials. As a result, Ms. Gilbert has also failed to satisfy the second prong of the test.

Consequently, this court concurs with Magistrate Judge Attridge's conclusion that the plaintiff has failed to satisfy the threshold requirements of the Back Pay Act, and is therefore not entitled to the additional relief she seeks under that Act.

## C. Award of Attorney's Fees In the Interest of Justice

In addition to the two prerequisites discussed above, the Back Pay Act requires that any award of attorney's fees be in accordance with section 7701(g), the Civil Service Reform Act. 5 U.S.C. § 5596(b)(1)(A)(ii); *see also Maney v. Dept. of Health and Human Services,* 637 F.Supp. 1128, 1129 (D.D.C. 1986). Section 7701(g) provides, in pertinent part, that the trier of a case,

> may require payment by the agency involved of reasonable attorney fees if the employee or the applicant is the prevailing party and [the trier of the case] determines that payment by the agency is warranted in *the interest of justice.*

5 U.S.C. § 7701(g)(1) (emphasis supplied). This provision provides for an award of attorney's fees only if: (1) the employee is a prevailing party; and (2) the award is warranted in the interest of justice. 5 U.S.C. § 7701(g). Since Ms. Gilbert, however, has failed to meet the threshold test, the court need not consider whether she would qualify for the relief she seeks under § 7701(g).

## D. Prejudgment Interest and Sovereign Immunity

, Even if the plaintiff could meet the two-prong test of the Back Pay Act, the prejudgment interest she seeks could not be exacted against the FDIC without a waiver of sovereign immunity. *Kingston Constructors, Inc. v. WMATA,* 860 F.Supp. 886, 888 (D.D.C.1994). There are two circumstances pursuant to which sovereign immunity is waived by the United States and its agencies. *Id.* (citing *Spawn v. Western Bank–Westheimer,* 989 F.2d 830, 833 (5th Cir.1993)). First, sovereign immunity can be waived when there is an express contractual or stat-

utory provision consenting to awards of pre-judgment interest. *Id.* (citing *Library of Congress v. Shaw,* 478 U.S. 310, 311–313, 106 S.Ct. 2957, 2959–2961, 92 L.Ed.2d 250 (1986)). Second, agencies are liable for interest when the legislature sheds the cloak of immunity by giving a governmental agency the status of a private commercial enterprise. *Id.* (citing *Loeffler v. Frank,* 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988)).

■ Plaintiff offers two grounds for finding that the FDIC should not be shielded by sovereign immunity. First, Ms. Gilbert asserts that an agreement was reached between the parties prior to settlement of the claim for severance pay that provided for prejudgment interest. Magistrate Judge Attridge concluded that any such purported agreement between the parties was not part of the formal settlement agreement signed by the parties and approved by the court. Similarly, this court concludes that Ms. Gilbert's claim is not tenable because the executed settlement agreement clearly does not provide for prejudgment interest.

■ Second, plaintiff contends that the FDIC's "sue-and-be sued" clause effectively waives sovereign immunity. She relies upon *Loeffler v. Frank,* 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988) and *FDIC v. Meyer,* 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). In *Loeffler,* the Court found that the plaintiff could recover prejudgment interest from the United States Postal Service on a Title VII claim. *Id.* at 565, 108 S.Ct. at 1974. The court reached its decision by examining two factors: (1) the

existence of a "sue-and-be-sued" clause; and (2) the fact that the legislative history of the statute indicated an intent that the Postal Service conduct itself like a business. *Id.* at 556, 108 S.Ct. at 1969. The court concluded that the combination of a sue-and-be-sued clause and the fact that when Congress launched the Postal Service into the commercial world, it cast off the cloak of sovereign immunity, giving the Postal Service the status of a commercial enterprise. *Id.*

In *FDIC v. Meyer,* the court did not directly address whether a plaintiff suing the FDIC could recover prejudgment interest. *Meyer,* however, requires a court to consider whether there has been a waiver of sovereign immunity and whether the plaintiff is entitled to the relief she seeks. *Id.* at 482–83, 114 S.Ct. at 1004.

> Although we have determined that Meyer's claim falls within the sue-and-be-sued waiver, our inquiry does not end at this point ... The first inquiry is whether there has been a waiver of sovereign immunity. If there has been such a waiver ... the second inquiry comes into play—that is, whether the source of the substantive law upon which the claimant relies provides an avenue for relief.

*Id.* at 484, 114 S.Ct. at 1004–1005.

Even if this court would conclude that the presence of a sue-and-be-sued clause operates as a waiver of sovereign immunity,[5] plaintiff nonetheless has failed to establish that the source of substantive law (the Back Pay Act) upon which she relies provides her with an avenue of relief.[6]

---

**5.** The court observes that the Tenth Circuit concluded that it did not. In *Resolution Trust Corp. v. Federal Sav. & Loan Ins.,* 25 F.3d 1493, 1506 (10th Cir.1994), the Tenth Circuit directly addressed whether the FDIC had waived its sovereign immunity and was subject to prejudgment interest. The court found no absolute waiver of immunity and further found that "[the] FDIC does not operate as a private commercial enterprise so as to subject it to prejudgment interest." *Id.* The court noted that the FDIC performs an important governmental function by providing stability to the housing and financial industries. Moreover, the FDIC operates at a loss to the Treasury. *Id.* These factors, the court concluded, tend to demonstrate that the FDIC does not act as a private commercial enterprise. *Id.* (citing H.R.Rep. No. 101-54(I), 101st Cong., 1st

Sess. 103, *reprinted in* 1989 U.S.C.C.A.N. 86, 103.)

Here, Ms. Gilbert claims that the FDIC's sue-and-be sued clause alone provides for a waiver of sovereign immunity. Ms. Gilbert urges the court to find that the FDIC has "cast off the cloak of sovereignty," as required by *Library of Congress v. Shaw,* 478 U.S. 310, 317 n. 5, 106 S.Ct. 2957, 2963 n. 5, 92 L.Ed.2d 250 (1986), without citing to any persuasive authority that supports this argument.

**6.** *See also United States v. Mitchell,* 463 U.S. 206, 218, 103 S.Ct. 2961, 2968, 77 L.Ed.2d 580 (1983) In *United States v. Mitchell,* the Supreme Court attempted to clarify under what circumstances the United States may be properly sued for money damages. *Id.* at 212, 103 S.Ct. at 2965. "It is

## E. Attorney's Fees and the Equal Access to Justice Act

■ The plaintiff indicates that if she is unsuccessful in obtaining relief under the Back Pay Act, she will make a motion for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1) (1995), the Equal Access to Justice Act (EAJA). The primary purpose of the EAJA is "to ensure that [private parties] will not be deterred from seeking review of, or defend against, unjustified governmental action because of the expense involved in securing the vindication of their rights." H.R.Rep. No. 120, 99th Cong., 1st Sees. 4, *reprinted in* 1985 U.S.Code Cong. & Ad. News 132, 132–33. Congress also desired to discourage federal agencies from taking frivolous positions. *Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348, 352 n. 7 (D.D.C.1982). To achieve these goals, the EAJA provides for an award of attorney's fees to "a prevailing party . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).[7]

Magistrate Judge Attridge concluded, however, that any claim for attorney's fees under the EAJA would be time barred. A party seeking an award for attorney's fees under the EAJA must submit an application to the court "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is: "[A] judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G). Presently, no final order of settlement has been entered with respect to the issues of prejudgment interest and attorney's fees over which the court explicitly retained jurisdiction.[8] Ms. Gilbert could not have been expected to file an application for attorney's fees pursuant to the EAJA within thirty days of the settlement of her severance pay claim since it was the court's as well as the parties' expectation that they would attempt to settle this issue, not continue to litigate it. Consequently, plaintiff's claim for attorney's fees under the EAJA is not time barred.

---

axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Id.; see United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). *Mitchell* involved a claim brought under the Tucker Act, 28 U.S.C. § 1491. The court held that if a claim falls within the terms of that act, the United States has presumptively consented to suit. *Id.* at 216, 103 S.Ct. at 2967. However, the court went on the explain that in order to actually recover from the United States, a substantive right must be found in some other source of law. *Id.* at 216–217, 103 S.Ct. at 2967–2968. Presently, Ms. Gilbert has failed to establish that she qualifies for relief under the Back Pay Act.

7. It is plaintiff's burden to establish that she is a "prevailing party." *Environmental Defense Fund, Inc. v. Watt,* 554 F.Supp. 36, 39 (E.D.N.Y. 1982) (internal citations omitted). A "party prevails" when the outcome of his lawsuit "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Cooper v. U.S. Railroad Retirement Board,* 24 F.3d 1414, 1416 (D.C.Cir.1994) (quoting *Farrar v. Hobby,* 506 U.S. 103, 111–112, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992)). A party need not procure a final judgment on the merits in order to be considered a "prevailing party" for fee-shifting purposes. *Public Citizen Health Research Group v. Young,* 909 F.2d 546, 549 (D.C.Cir.1990). It is enough that the lawsuit was a "causal, necessary, or substantial factor" *Helms,* 482 U.S. 755, 760–

761, 107 S.Ct. 2672, 2675–2676, 96 L.Ed.2d 654 (1987) (dictum) (citing *Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980) (involving consent decree)). Thus, a litigant who obtains a beneficial settlement may be deemed a prevailing party. *Watt,* 554 F.Supp. at 39.

Even if the plaintiff carries her burden of proof and shows that she is a prevailing party; the government has an opportunity to show, by a preponderance of the evidence, that its position was "substantially justified." *Lundin v. Mecham,* 980 F.2d 1450, 1459 (D.C.Cir.1992); *see also Price v. Sullivan,* 756 F.Supp. 400 (E.D.Wis. 1991). An agency action is justified "to a degree that could satisfy a reasonable person" and has a "reasonable basis both in law and fact." *Cooper,* 24 F.3d at 1416 (quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)). Furthermore, the inquiry into reasonableness for EAJA purposes is not to be collapsed into an antecedent evaluation of the merits. *Federal Election Comm'n v. Rose,* 806 F.2d 1081, 1089 (D.C.Cir.1986). The EAJA sets out a "distinct legal standard." *Id.* Finally, the government may show that special circumstances would make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A).

8. In conjunction with the settlement of Ms. Gilbert's severance pay claim, the court retained jurisdiction in this matter to resolve the issue of prejudgment interest and attorney's fees in the event that the parties did not reach an agreement.

If plaintiff decides to submit an application for attorney's fees under the EAJA, within 30 days of this order, it must be made in conformity with all of the requirements of 28 U.S.C. § 2412(d).[9] The court, however, strongly encourages the parties to explore the possibility of settlement.

For the foregoing reasons, it is this 3 day of January 1997,

**ORDERED** that plaintiff's motion for pre-judgment interest and attorney's fees be and is hereby **denied.**

**SO ORDERED.**

---

9. The court expects that if plaintiff opts to pursue such an application, the parties' submissions will be better researched and developed than the previously submitted ones. In that regard, the court refers the parties to footnote 7 of this opinion. The parties are also referred to the recent D.C. Circuit case, *F.J. Vollmer Company, Inc. v. Magaw,* 102 F.3d 591 (D.C.Cir.1996).